# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| COURTNEY ELKIN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:17-cv-20997 |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| vs. | |
| WALTER INVESTMENT MANAGEMENT CORP., DENMAR J. DIXON, GEORGE M. AWAD, ANTHONY N. RENZI, and GARY L. TILLETT, | **JURY TRIAL DEMANDED** |
| Defendants. | |

_____ /

Plaintiff Courtney Elkin ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through her attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Walter Investment Management Corp. ("Walter" or the "Company"), and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly

traded securities of Walter from May 3, 2016 through March 13, 2017, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act (15 U.S.C. §78aa).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the Company conducts business in this judicial district.

5.      In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.      Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Walter securities at artificially inflated prices during the Class Period and was economically damaged thereby.

7.      Defendant Walter is a diversified mortgage banking firm, which focuses primarily

on the servicing and origination of residential loans in the United States. Walter is incorporated in Maryland and maintains an office for its reverse mortgage business in Houston, Texas. Walter securities trade on the New York Stock Exchange ("NYSE") under the ticker "WAC."

8.     Defendant Denmar J. Dixon was the Company's Chairman Chief Executive Officer and President from the beginning of the Class Period until his resignation on June 30, 2016.

9.     Defendant George M. Awad ("Awad") was the Company's Chairman Chief Executive Officer and President from June 30, 2016 until

10.     Defendant Anthony N. Renzi ("Renzi") has been the Company's Chairman Chief Executive Officer and President since November 15, 2016.

11.     Defendant Gary L. Tillett ("Tillett") has been the Company's Executive Vice President and Chief Financial Officer throughout the Class Period.

12.     Defendants Renzi and Tillett are collectively referred to herein as the "Individual Defendants."

13.     Each of the Individual Defendants:

a.     directly participated in the management of the Company;

b.     was directly involved in the day-to-day operations of the Company at the highest levels;

c.     was privy to confidential proprietary information concerning the Company and its business and operations;

d.     was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

e.      was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

f.      was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

g.      approved or ratified these statements in violation of the federal securities laws.

14.     Walter is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

15.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Walter under *respondeat superior* and agency principles.

16.     Defendants Walter and Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

17.     Reverse Mortgage Solution Inc. ("RMS") is a subsidiary of the Company.

18.     On February 29, 2016, the Company filed a Form 10-K for the fiscal year ended December 31, 2015 disclosing that its internal control over financial reporting was effective, stating in part:

**Management's Report on Internal Control Over Financial Reporting**

Our management is responsible for establishing and maintaining adequate internal control over financial reporting (as defined in Rule 13a-15(f) under the Exchange Act). Our internal control system is designed to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with generally accepted accounting principles.

Because of its inherent limitations, internal control over financial reporting may not prevent or detect misstatements. Projections of any evaluation of effectiveness to future periods are subject to the risks that controls may become inadequate because of changes in conditions or that the degree of compliance with the policies or procedures may deteriorate.

A material weakness is a deficiency, or a combination of deficiencies, in internal control over financial reporting, such that there is a reasonable possibility that a material misstatement of the company's annual or interim financial statements will not be prevented or detected on a timely basis.

***Management assessed the effectiveness of our internal control over financial reporting at December 31, 2015. In making this assessment, management used the 2013 criteria set forth by COSO in the Internal Control-Integrated Framework. Based on our assessment and those criteria, management believes that we maintained effective internal control over financial reporting at December 31, 2015.***

The effectiveness of our internal control over financial reporting at December 31, 2015, has been audited by Ernst & Young LLP, an independent registered certified public accounting firm, as stated in their attestation report included in this Annual Report on Form 10-K.

(Emphasis added).

### Materially False and Misleading
### Statements Issued During the Class Period

19.     On May 3, 2016, the Company filed a Form 10-Q for the quarterly period ended March 31, 2016 (the "1Q16 10-Q") with the SEC. The 1Q16 10-Q was signed by Defendants Dixon and Tillett. Attached to the 1Q16 10-Q were certifications pursuant to the Sarbanes Oxley Act of 2002 ("SOX") signed by Defendants Dixon and Tillett attesting to the accuracy of the financial statements, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure all fraud was disclosed.

20.     The 1Q16 10-Q stated the following concerning the Company's internal control over financial reporting:

**(b) Changes in Internal Control Over Financial Reporting**

There were no changes in the Company's internal control over financial reporting that occurred during the quarter ended March 31, 2016 covered by this Quarterly Report on Form 10-Q that have materially affected, or are reasonably likely to materially affect, the Company's internal control over financial reporting.

21.     On August 9, 2016 the Company filed a Form 10-Q for the quarterly period ended June 30, 2016 (the "2Q16 10-Q") with the SEC. The 2Q16 10-Q was signed by Defendants Awad and Tillett. Attached to the 2Q16 10-Q were SOX certifications signed by Defendants Awad and Tillett attesting to the accuracy of the financial statements, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure all fraud was disclosed.

22.     The 2Q16 10-Q stated the following concerning the Company's internal control over financial reporting:

**(b) Changes in Internal Control Over Financial Reporting**

There were no changes in the Company's internal control over financial reporting that occurred during the quarter ended June 30, 2016 covered by this Quarterly Report on Form 10-Q that have materially affected, or are reasonably likely to materially affect, the Company's internal control over financial reporting.

23.     On November 9, 2016 the Company filed a Form 10-Q for the quarterly period ended September 30, 2016 (the "3Q16 10-Q") with the SEC. The 3Q16 10-Q was signed by Defendants Renzi and Tillett. Attached to the 3Q16 10-Q were SOX certifications signed by Defendants Renzi and Tillett attesting to the accuracy of the financial statements, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure all fraud was disclosed.

24.     The 3Q16 10-Q stated the following concerning the Company's internal control over financial reporting:

**(b) Changes in Internal Control Over Financial Reporting**

There were no changes in the Company's internal control over financial reporting that occurred during the quarter ended September 30, 2016 covered by this Quarterly Report on Form 10-Q that have materially affected, or are reasonably likely to materially affect, the Company's internal control over financial reporting.

25. The statements contained in ¶¶ 19-24 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company had a material weakness in its internal control over financial reporting; and (2) as a result, Defendants' statements about the Company's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

26. On March 14, 2017, the Company filed a Form 10-K for the fiscal year ended December 31, 2016 revealing a material weakness in its internal control over financial reporting, stating in part:

> ***We identified a material weakness in our internal controls over financial reporting. If we do not adequately address this material weakness, if we have other material weaknesses or significant deficiencies in our internal controls over financial reporting in the future, or if we otherwise do not maintain effective internal controls over financial reporting, we could fail to accurately report our financial results, which may materially adversely affect our business and financial condition.***
> Section 404 of the Sarbanes-Oxley Act of 2002 requires us to evaluate and report on our internal controls over financial reporting and have our independent auditors issue their own opinion on our internal controls over financial reporting. Effective internal controls are necessary for us to provide reliable financial reports and effectively prevent fraud. A material weakness is defined by the standards issued by the Public Company Accounting Oversight Board as a deficiency or a combination of deficiencies in internal controls over financial reporting such that there is a reasonable possibility that a material misstatement of the annual or interim financial statements will not be prevented or detected on a timely basis.

For the year ended December 31, 2016, we concluded there was a material weakness in internal controls over financial reporting related to operational processes associated with Ditech Financial default servicing activities. We have initiated steps to remediate this material weakness. While we believe these steps will improve the effectiveness of our internal controls over financial reporting and remediate the material weakness, if our remediation efforts are insufficient to address the material weakness, or if additional material weaknesses in our internal controls are discovered in the future, they may adversely affect our ability to record, process, summarize and report financial information timely and accurately and, as a result, our financial statements may contain material misstatements or omissions. Refer to Part II. Item 9A. Controls and Procedures for further information regarding this material weakness and our related remediation efforts.

It is possible that additional material weaknesses and/or significant deficiencies could be identified by our management or by our independent auditing firm in the future, or may occur without being identified. The existence of any material weakness or significant deficiency could require management to devote significant time and incur significant expense to remediate such weakness or deficiency and management may not be able to remediate the same in a timely manner. Any such weakness or deficiency, even if remediated quickly, could result in regulatory scrutiny or lead to a default under our indebtedness. Furthermore, any material weakness requiring disclosure could cause investors to lose confidence in our reported financial condition, materially affect the market price and trading liquidity of our debt instruments, reduce the market value of our common stock and otherwise materially adversely affect our business and financial condition.

27.    On this news, the Company's shares fell $1.05 per share or over 38% to close at $1.65 per share on March 14, 2017, damaging investors.

28.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

29.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired Walter securities publicly traded on NYSE during the Class Period and who were damaged thereby (the "Class"). Excluded from the Class are

Defendants, the officers and directors of Walter, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Officer or Director Defendants have or had a controlling interest.

30.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Walter securities were actively traded on NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

31.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

32.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

33.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    a.     whether the Exchange Act was violated by Defendants' acts as alleged herein;

    b.     whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition and business Walter;

c.       whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

d.       whether the Defendants caused the Company to issue false and misleading SEC filings during the Class Period;

e.       whether Defendants acted knowingly or recklessly in issuing false and SEC filing

f.       whether the prices of Walter's securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

g.       whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

34.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

35.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

a.       Walter securities met the requirements for listing, and were listed and actively traded on NYSE, a highly efficient and automated market;

b.       As a public issuer, the Company filed periodic public reports with the SEC and NYSE;

10

c.  The Company regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

d.  The Company was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available.

36.  Based on the foregoing, the market for Walter securities promptly digested current information regarding the Company from all publicly available sources and reflected such information in the prices of the shares, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

37.  Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information as detailed above.

## COUNT I

### For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder
### Against All Defendants

38.  Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

39.  This Count is asserted against Defendants is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

40. During the Class Period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

41. Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they: employed devices, schemes and artifices to defraud; made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Walter securities during the Class Period.

42. Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of Walter, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

43. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material

statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Company personnel to members of the investing public, including Plaintiff and the Class.

44.     As a result of the foregoing, the market price of Walter securities was artificially inflated during the Class Period. In ignorance of the falsity of Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Walter securities during the Class Period in purchasing Walter securities at prices that were artificially inflated as a result of Defendants' false and misleading statements.

45.     Had Plaintiff and the other members of the Class been aware that the market price of Walter securities had been artificially and falsely inflated by Defendants' misleading statements and by the material adverse information which Defendants did not disclose, they would not have purchased Walter securities at the artificially inflated prices that they did, or at all.

46.      As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

47.     By reason of the foregoing, Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of Walter securities during the Class Period.

## COUNT II

### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

48.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49.     During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information about Walter's misstatement of revenue and profit and false financial statements.

50.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

51.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period concerning the Company's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Walter securities.

52.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by The Company.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of he Class, prays for judgment and relief as follows:

(a)     declaring this action to be a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

(b)     awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

(c)     awarding plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     awarding plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: March 16, 2017                          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence Rosen
Laurence Rosen, Esq.
Fla. Bar No. 0182877
Email: lrosen@rosenlegal.com
275 Madison Avenue, 34th Floor
New York, NY  10116
Phone: (212) 686-1060
Fax: (212) 202-3827

*Counsel for Plaintiff*

15

# Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against Walter Investment Management Corp.. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Walter Investment Management Corp.. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

**First name:** Courtney
**Middle initial:** R
**Last name:** Elkin
**Address:** REDACTED
**City:**
**State:**
**Zip:**
**Country:**
**Facsimile:**
**Phone:**
**Email:**

Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.

5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Acquisitions:

| Type of Security | Buy Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | 01/19/2017 | 515 | 3.65 |
| Common Stock | 01/04/2017 | 1000 | 5.15 |

Sales:

| Type of Security | Sale Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | 03/16/2017 | 1000 | 1.40 |
| Common Stock | 01/26/2017 | 515 | 4.00 |

**Certification for Courtney Elkin (cont.)**

---

7.  I have not served as a representative party on behalf of a class under the federal securities laws during the last three years, except if detailed below. [ ]

I declare under penalty of perjury, under the laws of the
United States, that the information entered is accurate:          **YES**

By clicking on the button below, I intend to sign and execute
this agreement and retain the Rosen Law Firm, P.A. to
proceed on Plaintiff's behalf, on a contingent fee basis.          **YES**

Signed pursuant to California Civil Code Section 1633.1, et seq. - and the Uniform Electronic
Transactions Act as adopted by the various states and territories of the United States.

Date of signing: 03/16/2017

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**
COURTNEY ELKIN, Individually and on Behalf of All Others Similarly Situated

**DEFENDANTS**
WALTER INVESTMENT MANAGEMENTCORP., DENMAR J. DIXON, GEORGE M.AWAD, ANTHONY N. RENZI and GARYL. TILLETT,

**(b)** County of Residence of First Listed Plaintiff  Saint Clair
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Rosen Law Firm, P.A., 275 Madison Avenue, 34th Floor
New York, NY 10016

Attorneys *(If Known)*

**(d)** Check County Where Action Arose:  ☒ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Med. Malpractice

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
**Other:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee – Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729 (a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☒ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)**
(See instructions): a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☒ YES ☐ NO
JUDGE: Hon. Ursula Ungaro   DOCKET NUMBER: 1:14-cv-20880-UU

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §78j (b) and 78t (a), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5)
LENGTH OF TRIAL via 7  days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE  March 16, 2017
SIGNATURE OF ATTORNEY OF RECORD
/s/ Laurence Rosen

**FOR OFFICE USE ONLY**
RECEIPT #            AMOUNT            IFP            JUDGE            MAG JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.** **Related/Refiled Cases.** This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**
Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VIII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| COURTNEY ELKIN, Individually and on Behalf of All Others Similarly Situated, _____ *Plaintiff(s)* v. WALTER INVESTMENT MANAGEMENT CORP., DENMAR J. DIXON, GEORGE M. AWAD, ANTHONY N. RENZI, and GARY L. TILLETT, _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:17-cv-20997 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Walter Investment Management Corp.
3000 Bayport Drive, Suite 1100
Tampa, FL  33607

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Laurence Rosen, Esq.
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, NY  10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .


I declare under penalty of perjury that this information is true.


Date: _____


_____
*Server's signature*


_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| COURTNEY ELKIN, Individually and on Behalf of All Others Similarly Situated, <br><br>_____<br>*Plaintiff(s)*<br><br>v.<br><br>WALTER INVESTMENT MANAGEMENT CORP., DENMAR J. DIXON, GEORGE M. AWAD, ANTHONY N. RENZI, and GARY L. TILLETT,<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1:17-cv-20997

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*     Denmar J. Dixon
1915 Craigmore Drive
Charlotte, NC 28226

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Laurence Rosen, Esq.
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, NY  10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| COURTNEY ELKIN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 1:17-cv-20997 |
| WALTER INVESTMENT MANAGEMENT CORP., DENMAR J. DIXON, GEORGE M. AWAD, ANTHONY N. RENZI, and GARY L. TILLETT, | ) ) ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  George M. Awad
c/o Walter Investment Management Corp.
3000 Bayport Drive, Suite 1100
Tampa, FL 33607

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Laurence Rosen, Esq.
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                              *Server's signature*

                                         _____
                                              *Printed name and title*

                                         _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| COURTNEY ELKIN, Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiff(s)* <br><br> v. <br><br> WALTER INVESTMENT MANAGEMENT CORP., DENMAR J. DIXON, GEORGE M. AWAD, ANTHONY N. RENZI, and GARY L. TILLETT, <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 1:17-cv-20997 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Anthony N. Renzi
c/o Walter Investment Management Corp.
3000 Bayport Drive, Suite 1100
Tampa, FL  33607

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Laurence Rosen, Esq.
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, NY  10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| COURTNEY ELKIN, Individually and on Behalf of All Others Similarly Situated,<br><br>_____<br>*Plaintiff(s)*<br>v.<br>WALTER INVESTMENT MANAGEMENT CORP., DENMAR J. DIXON, GEORGE M. AWAD, ANTHONY N. RENZI, and GARY L. TILLETT,<br>_____<br>*Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:17-cv-20997 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Gary L. Tillett
c/o Walter Investment Management Corp.
3000 Bayport Drive, Suite 1100
Tampa, FL  33607

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Laurence Rosen, Esq.
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, NY  10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .


I declare under penalty of perjury that this information is true.


Date: _____          _____

                                                    *Server's signature*


                                             _____

                                                    *Printed name and title*


                                             _____

                                                    *Server's address*


Additional information regarding attempted service, etc: