IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COURTNEY ELKIN, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION No. 17-2025 |
| v. | : | |
| WALTER INVESTMENT MANAGEMENT CORP., DENMAR J. DIXON, GEORGE M. AWAD, ANTHONY N. RENZI and GARY L. TILLET | : : : : | |
| Defendants. | : | |

June 12, 2017                                                                                                   Anita B. Brody, J.

**<u>Memorandum</u>**

Plaintiff Courtney Elkin, on behalf of herself and those similarly situated, brings a securities fraud suit against Walter Investment Management Corp. and several of its officers. As required by the Private Securities Litigation Reform Act ("PSLRA"), this Court is tasked with appointing a lead plaintiff, who, in the eyes of the Court, is most capable of adequately representing the interests of all class members. Upon the unopposed motion of Movant Richard Worley[1], this Court names Worley the lead plaintiff and approves as lead counsel the selection of Lee Albert of the firm Glancy, Prongay and Murray, LLP.

---

[1] Two other groups filed for appointment as lead plaintiff: Michael Vacek, ECF No. 3, and Courtney Elkin, Danny Trout and, Ross Arneberg, ECF No. 4. Upon review of Movant Worley's application, in which he demonstrated that he holds the greatest financial interest in the litigation, the other parties withdrew their motions. *See* ECF Nos. 8 and 13.

I.  **BACKGROUND**[2]

Defendant Walter Investment Management Corp. ("Walter" or "the Company") is a mortgage banking firm which focuses on the servicing and origination of residential loans. Walter is incorporated in Maryland and houses its reverse mortgage business in Houston, Texas. Walter trades on the New York Stock Exchange under the ticker "WAC". Compl. ¶ 7.

Plaintiffs bought publicly available shares of Walter's stock between May 3, 2016 and March 13, 2017. Compl. ¶ 1. They allege that around this time, Walter made a series of misstatements in its required financial disclosures to the Securities and Exchange Commission ("SEC"). Specifically, Plaintiffs claim that Walter made material misrepresentations in its annual Form 10-K report for fiscal year 2015, as well as in several Form 10-Q quarterly reports for that same fiscal year. Plaintiffs allege that Walter failed to disclose material weaknesses in its internal controls over financial reporting and that this resulted in false or misleading reports, and that Plaintiffs traded upon this inaccurate information. Walter revealed the failures of its internal controls in its Form 10-K for fiscal year 2016, issued on March 14, 2017. Compl. ¶ 26. The Company disclosed weaknesses in its Ditech Financial default servicing unit, and that it was under investigation by the HUD Inspector General and the Department of Justice relating to its underwriting of certain loans. On this news, Walter's share price fell nearly 38%, to $1.65 per share. Compl. ¶ 27.

On March 16, 2017, Plaintiff Courtney Elkin filed a two-count Complaint against Walter and several of its directors who had certified the accuracy of the Company's SEC filings, namely Denmar J. Dixon, George M. Awad, Anthony N. Renzi and Gary L. Tillet (collectively,

---

[2] A comprehensive factual overview is unnecessary at this stage, and therefore only a brief background is presented.

"Walter")³. Elkin alleges violations of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and rule 10b-5 promulgated thereunder, and a violation of Section 20(a) of the Exchange Act.

This suit is subject to the PSLRA as private federal securities action "brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). The PSLRA sets forth specific procedural requirements that must be adhered to upon the filing of a complaint. Within twenty days of filing the action, the plaintiff must "cause to be published, in a widely circulated national business-oriented publication or wire service," notice to members of the purported class regarding "the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u–4(a)(3)(A)(i)(I).⁴ Within sixty days of the date on which the notice is published, "any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).

Three members of the purported class timely moved for appointment as lead plaintiff, but only one motion remains pending.⁵ On May 15, 2017, Movant Richard Worley filed for appointment as lead plaintiff, and for approval of his selection of Lee Albert of the firm Glancy, Prongay & Murray LLP ("GPM") as lead counsel for the class. ECF No. 5.

## II. APPLICABLE LAW

The PSLRA requires this Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). The PSLRA "establishes a two-step process for appointing a lead plaintiff: the court first identifies the

---

³ The action was initially filed in the Southern District of Florida under Docket Number 17-20997. The case was subsequently transferred to this Court, upon a joint stipulation of the parties, pursuant to 28 U.S.C. § 1404(a). ECF No. 1-7.
⁴ Notice was published by Plaintiff Courtney Elkin over *Business Wire* on March 16, 2017, announcing the pendency of this action. *See* Ex. 1 to Decl. of Jacob A. Goldberg, ECF No. 4.
⁵ See note 1, *supra*.

presumptive lead plaintiff, and then determines whether any member of the putative class has rebutted the presumption." *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I) & (II)).

The presumptive lead plaintiff is she who: "(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Although the statue sets out three criteria for awarding presumptive lead plaintiff status, "[t]he process begins with the identification of the movant with the largest financial interest in the relief sought by the class." *Cendant*, 264 F.3d at 262 (quotations omitted). "In many cases," such as this one, "this determination will be relatively easy." *Id.*

Once the movant with the largest financial stake in the litigation has been determined, the court "should then determine whether that entity satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731, 2014 WL 1395059, at *3 (E.D. Pa. Apr. 10, 2014) (citing *Cendant*, 264 F.3d at 262). The initial Rule 23 inquiry is a matter of the court's independent judgment and "should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy." *Cendant*, 264 F.3d at 263. Courts are to consider the pleadings and the movant's application, and "apply traditional Rule 23 principles." *Id.* at 264.

"In inquiring whether the movant has preliminarily satisfied the typicality requirement, [courts] should consider whether the circumstances of the movant with the largest losses are markedly different" from those of other class members. *Id.* (quotations removed). "In assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether it

4

has the ability and incentive to represent the claims of the class vigorously, whether it has obtained adequate counsel, and whether there is a conflict between movant's claims and those asserted on behalf of the class." *Id.* at 265 (quotations omitted).

The adequacy inquiry also demands an evaluation of a proposed plaintiff's choice of lead counsel. Courts are to pay special attention to "whether the movant has demonstrated a willingness and ability to select competent class counsel . . ." *Id.* In reviewing the proposed lead plaintiff's choice of counsel, "the question is whether the choices made by the movant with the largest losses are so deficient as to demonstrate that it will not fairly and adequately represent the interests of the class," not whether the court would "approve" of the counsel or the negotiated fee agreement. *Id.* at 266.

Finally, upon establishing a presumptive lead plaintiff, a "the court should then turn to the question whether the presumption has been rebutted." *Id.* at 268. The presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). "If no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff." *Cendant*, 264 F.3d at 268.

## III. DISCUSSION

a. Establishing the presumptive lead plaintiff.

Richard Worley is not only the sole movant for lead plaintiff, he also has the largest financial stake in the litigation. He suffered approximately $83,796.35 in losses. Loss Chart, Ex. C. to Decl. of Lee Albert, ECF No. 5. No other movant presents evidence of a larger loss. The

former movants for lead plaintiff acknowledge that Worley's stake is the largest. *See* ECF Nos. 8 and 13.

Worley also makes a *prima facie* showing of typicality and adequacy. *Cendant*, 264 F.3d at 263. Worley does not rely on a markedly different circumstance or legal theory than other class members—in fact, in this traditional 10b-5 action, each purported class members' claim is identical because each was allegedly injured by the same course of conduct. *See Dodge v. Cambrex Corp.*, No. 03-CV-4896 PGS, 2007 WL 608365, at *5 (D.N.J. Feb. 23, 2007); *see also* Newberg on Class Actions § 22:26, 22: 61 (4th ed.) Worley "alleges that defendants' material misstatements and omissions concerning Walter's business, operations and financial prospects violated the federal securities laws. [Worley], like all of the members of the Class, purchased Walter securities in reliance on defendants' alleged misstatements and omissions and were damaged thereby." Mem. in Supp. of Movant Worley 6, ECF No. 5-2. Worley had sufficiently demonstrated typicality.

Worley also makes a *prima facie* showing of adequacy. Adequacy is established, at this stage, when the proposed lead plaintiff demonstrates the ability to represent the claims of the class vigorously, presents no conflict between the movant's claims and those of the class, and obtains adequate counsel. *Cendant*, 264 F.3d at 264. Worley's compliance with the procedures of the PSLRA demonstrates his ability to effectively represent class claims, and he asserts that he has no conflict with the claims of the class. Further, he has selected experienced and competent counsel in Lee Albert of GPM, evincing no deficiency in his ability to lead the class. GPM's firm resume reveals extensive experience in securities litigation, and proposed lead counsel Lee Albert has appeared numerous times in federal court. Ex. D to Decl. of Lee Albert, ECF No 5. Worley has therefore sufficiently demonstrated adequacy.

By establishing that he has the largest financial interest and "otherwise satisfies" the relevant Rule 23 factors of typicality and adequacy, Worley is the presumptive lead plaintiff.

    b. Rebutting the presumption

Once a movant earns presumptive lead plaintiff status, a court determines whether any member of the class has rebutted the presumption. A court is only to consider evidence presented by putative class members, and if no class member rebuts the presumption, the court is to appoint the presumptive lead plaintiff as the lead plaintiff. *Cendant*, 264 F.3d at 268. The former movants for lead plaintiff do not challenge Worley's presumptive status. *See* ECF No. 8 and 13. This Court also issued an order seeking input from putative plaintiffs, and received no responses. ECF No. 10. Therefore, Worley's status as presumptive lead plaintiff has not been rebutted.

## IV. CONCLUSION

For the reasons outline above, Movant Richard Worley is appointed the lead plaintiff in this action and his choice of Lee Albert of GPM as lead counsel is approved.

                                            s/Anita B. Brody

                                            _____
                                            ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                         Copies **MAILED** on _____ to: