## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COURTNEY ELKIN, On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> WALTER INVESTMENT MANAGEMENT CORP., GEORGE M. AWAD, ANTHONY N. RENZI, and GARY L. TILLETT, <br><br> Defendants. | Class Action No. 2:17-cv-02025-JCJ |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending in this Court entitled *Elkin v. Walter Investment Management Corp. et al*, Case No. 2:17-CV-02025-JCJ (the "Action");

WHEREAS, (a) Lead Plaintiff Richard Worley ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below), and (b) defendants Walter Investment Management Corp., now known as Ditech Holding Corporation ("WIMC"), George M. Awad, Denmar J. Dixon, Anthony N. Renzi and Gary L. Tillett (collectively, together with WIMC, the "Defendants" and together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated  July 13, 2018 (the "Stipulation") that provides for a complete dismissal of the Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff and Lead Plaintiff's counsel ("Lead Counsel") has made an application pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order, among

other things, (a) preliminarily approving the Settlement, (b) preliminarily certifying the Settlement Class (defined below) solely for purposes of the Settlement, (c) ordering that notice of the Settlement be provided to members of the Settlement Class ("Settlement Class Members"); (d) providing Settlement Class Members the opportunity to exclude themselves from the Settlement Class or to object to the Settlement; and (e) scheduling the Settlement Hearing (defined below);

WHEREAS, the Court has read and considered the Stipulation and Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection with the motion;

WHEREAS, the Parties have consented to the entry of this Order; and

WHEREAS, unless otherwise defined herein, all terms with initial capitalization have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Provisional Certification of the Settlement Class** – Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court provisionally certifies, for purposes of the Settlement only, a Settlement Class consisting of all persons and entities who or which purchased WIMC common stock between August 9, 2016 through August 1, 2017, inclusive and who were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are Defendants, officers and directors of WIMC during the period between August 9, 2016 and August 1, 2017, inclusive (the "Settlement Class Period"), members of their Immediate Families (defined in the Stipulation) and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a controlling interest during the Settlement Class

Period. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.      **Class Findings** – Solely for purposes of the Settlement, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met:

(a)      the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable;

(b)      there are questions of law and fact common to the Settlement Class that predominate over any individual questions;

(c)      the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class;

(d)      Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      **Adequacy of Representation** – Solely for purposes of the Settlement, the Court finds and concludes pursuant to Rule 23 of the Federal Rules of Civil Procedure that Lead Plaintiff is an adequate class representative and certifies him as representative for the Settlement Class, and appoints Lead Counsel as counsel for the Settlement Class. The Court finds that Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in

litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23.

4.    **Preliminary Approval of the Settlement** – The Court preliminarily approves the Settlement on the terms and conditions stated in the Stipulation as fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing. The Settlement Amount (defined in the Stipulation) shall be paid as provided for in the Stipulation and on the terms and conditions stated in the Stipulation, including the provisions providing for repayment of the Settlement Amount in the event the Court does not finally approve the Settlement following the Settlement Hearing or if the Settlement is terminated pursuant to the terms of the Stipulation or if the Effective Date (defined in the Stipulation) does not occur for any other reason.

5.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2018 at __:__ _.m. in Courtroom 17-A, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for the following purposes:

(a)    to determine, solely for purposes of the Settlement, whether (i) the Settlement Class should be finally certified, (ii) Lead Plaintiff should be finally certified as class representative for the Settlement Class, and (iii) Lead Counsel should be finally appointed as class counsel for the Settlement Class;

(b)    to determine whether the Settlement on the terms and conditions stated in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court;

4

(c)      to determine whether a Judgment in the form attached as Exhibit B to the Stipulation (the "Judgment"), including the releases provided for in the Judgment, should be entered;

(d)      to determine whether the Plan of Allocation (defined in the Stipulation) for the Net Settlement Fund (defined in the Stipulation) is fair and reasonable and should be approved by the Court;

(e)      to determine whether the request by Lead Counsel for an award of Attorneys' Fees and Litigation Expenses (defined in the Stipulation) should be approved by the Court; and

(f)      to consider any other matters as the Court deems appropriate.

6.      The Court may adjourn the Settlement Hearing or modify any of the dates stated in this Order without further notice to the Settlement Class.  The Court may approve the Settlement with modifications to which the Parties agree in the manner provided for in the Settlement without further notice to the Settlement Class.  The Court may enter the Judgment approving the Settlement whether or not the Court approves the Plan of Allocation provided for in the Stipulation and whether or not the Court approves the request by Lead Counsel for Attorneys' Fees and Litigation Expenses provided for in the Stipulation.

7.      **Retention of Claims Administrator** – Lead Counsel is authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to administer the Settlement as provided for in the Stipulation and in this Order.

8.      **Manner of Giving Notice** – Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)      Within ten (10) business days of the date of entry of this Order, WIMC shall provide or cause to be provided to the Claims Administrator the names and addresses contained in WIMC's stock transfer records of the holders of the WIMC common stock during the Settlement Class Period in the manner stated in the Stipulation;

(b)      Within twenty (20) business days of the date of entry of this Order, Lead the Claims Administrator shall send, by first-class postage prepaid mail, the Notice (defined in the Stipulation and substantially in the form attached as Exhibit 1 to this Order) and the Claim Form (defined in the Stipulation and substantially in the form attached as Exhibit 2 to this Order), with the date and time of the Settlement Hearing included, to the names at the addresses in the stock transfer records provided by WIMC and to other potential members of the Settlement Class who may be identified by the Claims Administrator through further reasonable effort;

(c)      Also within twenty (20) business days of the date of entry of this Order, the Claims Administrator shall post copies of the Stipulation, this Order, the Notice, and the Claim Form on a website to be developed for the Settlement and from which copies of the Notice and Claim Form can be downloaded;

(d)      Within thirty (30) business days of the date of entry of this Order, the Claims Administrator shall publish the Summary Notice (defined in the Stipulation and substantially in the form attached as Exhibit 3 to this Order), with the date and time of the Settlement Hearing included, once in *Investor's Business Daily* and to transmit it once over the *PR Newswire*;

(e)     The Claims Administrator shall send the Notice and Claim Form, by first-class postage prepaid mail, to any person or entity that requests the Notice or Claim Form within seven (7) calendar days of receipt of any request for the Notice or Claim Form; and

(f)     Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of mailing and publication of the Notice, Claim Form, and Summary Notice, as required by this Order not later than seven (7) calendar days prior to the Settlement Hearing.

9.     **<u>Nominee Procedures</u>** – Within seven (7) calendar days of receipt of the Notice, nominee purchasers such as brokerage firms and other persons and entities that purchased or otherwise acquired WIMC common stock during the Settlement Class Period as record owners but not as beneficial owners are directed to either (a) request from the Claims Administrator sufficient copies of the Notice and Claim Form to forward to all beneficial owners by first-class postage prepaid mail within seven (7) calendar days of receipt of sufficient copies of the Notice and Claims Form, in which event the nominee purchasers are directed to send a statement to the Claims Administrator confirming that the mailing has been made as directed; or (b) provide the Claims Administrator a list of the names and addresses of all beneficial owners (or computer-generated mailing labels with the names and addresses of all beneficial owners), in which event the Claims Administrator shall forward copies of the Notice and the Claims Form to all beneficial owners by first-class postage prepaid mail. The Claims Administrator shall reimburse nominee purchasers from the Settlement Fund (defined in the Stipulation) for reasonable expenses actually incurred complying with this Order following submission to the Claims Administrator of documentation supporting the expenses for which reimbursement is sought.

7

Disputes concerning the reasonableness or documentation of expenses incurred are subject to review by the Court.

10. **Approval of Form and Content of Notice** – The Court (a) approves the form and content the Notice, Claim Form, and Summary Notice and (b) finds that providing notice of the Settlement in the manner and form set forth in Paragraphs 8-9 of this Order (i) constitutes the best notice practicable under the circumstances; (ii) is reasonably calculated, under the circumstances, to inform Settlement Class Members concerning the pendency of the Action, the Settlement, the terms and conditions of the Settlement, including the Judgement and the releases provided for in the Judgment, the Plan of Allocation, Lead Counsel's request for an award of Attorneys' Fees and Litigation Expenses, Settlement Class Members' right to exclude themselves from the Settlement Class, Settlement Class Members' right to object to the Settlement, including the Plan of Allocation, Lead Counsel's request for Attorneys' Fees and Litigation Expenses, and any other aspect of the Settlement, and Settlement Class Members' right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(4), and all other applicable law and rules.

11. **Participation in the Settlement and Submission of Claims Forms** – Settlement Class Members who wish to participate in the Settlement and receive a distribution from the Net Settlement Fund must complete and submit the Claim Form in accordance with the instructions contained on the Claim Form.  Unless the Court orders otherwise, the Claim Form must be postmarked no later than one hundred forty (140) calendar days of the date of entry of this Order.

409157.1 WALTER

Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing Claim Forms postmarked later than that date if acceptance of such Claims Forms does not delay distribution of the Net Settlement Fund.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the Settlement and his, her, or its Claim and Claim Form.

  12. A Claim Form must satisfy all of the following conditions: (a) it must be submitted in a timely manner in accordance with the provisions of Paragraph 11 of this Order; (b) it must be properly completed in all material respects, including (i) the name, address, telephone number, and email address of the claimant, or, in the case of an entity, the name, address, telephone number, and email address of a contact person for the entity, and (ii) for each purchase and sale of WIMC common stock during the Settlement Class Period, the date, price(s), and number(s) of shares purchased and/or sold; (c) it must be accompanied by adequate supporting documentation showing purchases and sales of WIMC common stock during the Settlement Class Period in the form of broker confirmation slips, broker account statements, a statement from a broker containing the transactional and holding information found in a broker confirmation slip or account statement, or other comparable documentation that is deemed adequate by Lead Counsel or the Claims Administrator; (d) it must, if the person signing the Claim Form is acting in a representative capacity, include a certification of the person's authority to sign the Claim Form in a representative capacity that is acceptable to Lead Counsel or the Claims Administrator; (e) it must contain no deletions or modifications of any of the printed matter on the Claim Form, and (f) it must be signed under penalty of perjury. A Claim Form shall not be effective unless it complies with all of these conditions.

13.     Any member of the Settlement Class who does not timely submit a valid Claim (unless accepted for processing as set forth in paragraph 11 above) or whose Claim is not approved for any other reason shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund and shall be barred from participating in any distribution from the Net Settlement Fund, but shall in all respects be bound by the Settlement, including the Judgment and the releases provided for in the Judgment, and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in, individually, derivatively, as a class member or otherwise, any claims subject to the Settlement, the Judgment, and the releases provided for by the Judgment.

14.     **Exclusion From the Settlement** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing by first-class postage prepaid mail received no later than twenty-one (21) calendar days prior to the Settlement Hearing or by delivering the request for exclusion in a manner providing for receipt no later than twenty-one (21) calendar days prior to the Settlement Hearing, in either case addressed to *WIMC Securities Litigation*, EXCLUSIONS, c/o A.B. Data, P.O. Box 173001, Milwaukee, WI 53217.  By submitting a request for exclusion, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the Settlement and his, her, or its request for exclusion.

15.     A request for exclusion must satisfy all of the following conditions: (a) it must be submitted in a timely manner in accordance with the provisions of Paragraph 14 of this Order; (b) it must state the name, address, telephone number, and email address of the person or entity requesting exclusion, and in the case of an entity, the name, address, telephone number, and email address of a contact person for the entity; (c) it must state that the person or entity requests

10

exclusion from the Settlement Class in *Elkin v. Walter Investment Management Corp.*, Case No. 2:17-CV-02025-JCJ; (d) it must state, for each purchase and sale of WIMC common stock during the Settlement Class Period, the date, price(s), and number(s) of shares purchased and/or sold by the person or entity requesting exclusion; (e) it must be accompanied by adequate supporting documentation showing purchases and sales of WIMC common stock during the Settlement Class Period in the form of broker confirmation slips, broker account statements, a statement from a broker containing the transactional and holding information found in a broker confirmation slip or account statement, or other comparable documentation that is deemed adequate by Lead Counsel or the Claims Administrator; (f) it must, if the person signing the request for exclusion is acting in a representative capacity, include a certification of the person's authority to sign the exclusion that is acceptable to Lead Counsel or the Claims Administrator; and (g) it must be signed under penalty of perjury.  A request for exclusion shall not be effective unless it complies with all of these conditions.

16.     Any person or entity who or which timely and validly requests exclusion from the Settlement Class in the manner stated in Paragraphs 14 and 15 shall not be a member of the Settlement Class, shall not be bound by the terms of the Settlement and the Judgment, including the releases provided for in the Judgment, and shall not receive any payment from the Net Settlement Fund.

17.     Any member of the Settlement Class who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in Paragraphs 14 and 15 shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, shall forever be forever barred and enjoined from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be shall be bound by the Settlement, including the

Judgment and the releases provided for in the Judgment, and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in, individually, derivatively, as a class member or otherwise, any claims subject to the Settlement, the Judgment, and the releases provided for by the Judgment.

18.    **Appearance and Objections at Settlement Hearing** – Any member of the Settlement Class who does not request exclusion from the Settlement Class may enter an appearance in the Action at his, her or its own expense, individually or through counsel of his, her, or its own choice, by filing a notice of appearance with the Clerk of the Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|                    **Lead Counsel**                    |                  **Defendants' Counsel**                  |
| :----------------------------------------------------: | :-------------------------------------------------------: |
| Glancy Prongay & Murray  LLP                           | Weil, Gotshal & Manges LLP                                |
| Attn: Leanne Heine Solish, Esq.                        | Attn: Joseph S. Allerhand, Esq.                           |
| 1925 Century Park East, Suite 2100                     | Stephen A. Radin, Esq.                                    |
| Los Angeles, CA  90067                                 | 767 Fifth Avenue                                          |
|                                                        | New York, New York 10153                                  |
|                                                        |                                                           |
|                                                        | Dechert, LLP                                              |
|                                                        | Attn: David H. Kistenbroker, Esq.                         |
|                                                        | Joni S. Jacobsen, Esq.                                    |
|                                                        | 35 West Wacker Drive                                      |
|                                                        | Suite 3400                                                |
|                                                        | Chicago, IL 60601                                         |

Any member of the Settlement Class who does not enter an appearance will be represented by Lead Counsel.

19.    Any member of the Settlement Class who does not request exclusion from the Settlement Class may file a written objection to the Settlement, the Plan of Allocation, Lead Counsel's request for an award of Attorneys' Fees and Litigation Expenses, and/or any other

aspect of the Settlement with the Clerk of the Court. Any such objection must also be mailed or delivered to both Lead Counsel and Defendants' Counsel at the addresses and in the manner and within the time period set forth in Paragraph 18 above.  By filing an objection, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the Settlement and his, her, or its objection.

20.     An objection must satisfy all of the following conditions: (a) it must be submitted in a timely manner in accordance with the provisions of Paragraph 19 of this Order; (b) it must state the name, address, telephone number and email address of the objector, or, in the case of an entity, the name, address, telephone number, and email address of a contact person for the entity; (c) it must state, for each purchase or sale of WIMC common stock during the Settlement Class Period, the date, price(s), and number(s) of shares purchased and/or sold; (d) it must be accompanied by adequate supporting documentation showing purchases and sales of WIMC common stock during the Settlement Class Period in the form of broker confirmation slips, broker account statements, a statement from a broker containing the transactional and holding information found in a broker confirmation slip or account statement, or other comparable documentation; (e) it must state the basis for the objection and include copies of any papers, briefs, or other documents the objector wishes to rely upon; (f) it must state whether the objector intends to appear at the Settlement Hearing, and, if so, the name(s) of any witness(es) the objector intends to call to testify and any exhibits the objector intends to introduce into evidence at the Settlement Hearing, and (g) it must be signed under penalty of perjury by the objector or an authorized representative of the objector. An objection shall not be effective unless it complies with all of these conditions.  Lead Counsel and Defendants' Counsel may, as they

deem appropriate, submit papers replying to objections no later than five (5) calendar days prior to the Settlement Hearing.

21.     Any member of the Settlement Class who or that does not comply with the requirements stated in Paragraphs 19 and 20 for objections to the Settlement waives and forfeits his, her or its right to object to the Settlement, the Plan of Allocation, Lead Counsel's request for an award of Attorneys' Fees and Litigation Expenses, and any other aspect of the Settlement and to appear at the Settlement Hearing, and shall forever be barred and enjoined from objecting to the Settlement, the Plan of Allocation,  Lead Counsel's request for an award of Attorneys' Fees and Litigation Expenses, and/or any other aspect of the Settlement or from otherwise being heard concerning the Settlement, the Plan of Allocation,  Lead Counsel's request for an award of Attorneys' Fees and Litigation Expenses, and/or any other aspect of the Settlement in this and any other proceeding and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in, individually, derivatively, as a class member or otherwise, any claims subject to the Settlement, the Judgment, and the releases provided for by the Judgment.

22.     **Stay and Temporary Injunction** – The Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation and this Order and bars and enjoins Lead Plaintiff and all other members of the Settlement Class from commencing or prosecuting any and all of claims that are the subject of the Settlement, the Judgment, and the releases provided for by the Judgment.

23.     **Settlement Administration Fees and Expenses** – Lead Counsel is authorized to pay Notice and Administrative Costs (defined in the Stipulation) provided for in the Stipulation and this Order without further order of the Court.

24.   **Settlement Fund** – The contents of the Settlement Fund will be held by Huntington National Bank as Escrow Agent in accordance with the terms and conditions stated in the Stipulation and shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed pursuant to the terms and conditions of the Stipulation or further order of the Court.

25.   **Taxes** – Lead Counsel is authorized to pay Taxes (as defined in the Stipulation) and perform all obligations with respect to Taxes in accordance with the terms and conditions of the Stipulation without further order of the Court.

26.   **Responsibility for Administration** – Defendants' Releasees (defined in the Stipulation) shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund and the Net Settlement Fund; (iii) the Plan of Allocation for the Net Settlement Fund and its implementation, administration, and interpretation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund and the Net Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund and the Net Settlement Fund; or (vi) the payment or withholding of Taxes or other expenses incurred in connection with the administration of the Settlement Fund and the Net Settlement Fund.

27.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, if the Judgment is not entered or is entered but does not become Final (as defined in the Stipulation) or if the Effective Date fails to occur for any

reason, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, other members of the Settlement Class, and Defendants, and the Parties shall revert to their respective positions in the Action as of February 9, 2018 and the Settlement Fund shall be refunded to WIMC and to such other persons or entities that paid the Settlement Amount in the manner provided for in the Stipulation.

28. **Supporting Papers** – Lead Plaintiff and Defendants as appropriate may file and serve opening papers in support of final approval of the Settlement, the Plan of Allocation, and Lead Counsel's request for Attorneys' Fees and Litigation Expenses not later than thirty-five (35) calendar days before the Settlement Hearing. Reply papers, if any, shall be filed and served not later than five (5) calendar days before the Settlement Hearing.

29. **Retention of Jurisdiction** – The Court retains jurisdiction with respect to the proposed Settlement.

SO ORDERED this _____ day of _____, 2018.


_____
The Honorable J. Curtis Joyner
United States District Judge

**Exhibit 1**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

COURTNEY ELKIN, On Behalf of All
Others Similarly Situated,

                Plaintiffs,

      v.

WALTER INVESTMENT
MANAGEMENT CORP., *et al.*,

                Defendants.

Class Action No. 2:17-cv-02025-JCJ

### NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Eastern District of Pennsylvania (the "Court"), if, during the period between August 9, 2016 and August 1, 2017, inclusive (the "Settlement Class Period"), you purchased the common stock of Walter Investment Management Corp., now known as Ditech Holding Corporation ("WIMC") and were damaged thereby. Unless otherwise defined herein, all terms with initial capitalization in this Notice have the meanings stated in the Stipulation and Agreement of Settlement dated July 13, 2018 (the "Stipulation"), which is available at www.WalterInvestmentSettlement.com.

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff, Richard Worley ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined in Paragraph 22 of this Notice), has reached a proposed settlement of the Action (the "Settlement") with WIMC and the other defendants in the Action (the "Defendants"). The Settlement will be considered by the Court at a hearing on _____ __, 2018 at __:__ _.m. (the "Settlement Hearing"). If the Settlement is approved by the Court, the Settlement will resolve all claims in the Action against Defendants and all other Defendants' Releasees (defined in Paragraph 41 of this Notice). If you are a member of the Settlement Class and you wish to participate in the Settlement and be paid, you are required to submit the claim form accompanying this Notice (the "Claim Form") postmarked no later than _____ __, 2018 in the manner stated in Paragraphs 36-39 of this Notice.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains rights you may have, including the possible receipt of cash in the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please contact A.B. Data (the "Claims Administrator") or Court-appointed Lead Plaintiff's Counsel, Glancy Prongay & Murray LLP ("Lead Counsel") (see ¶85 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action lawsuit brought by Lead Plaintiff alleging, among other things, that Defendants violated the federal securities laws by making false or misleading statements or omissions concerning WIMC's financial condition. A more detailed description of the Action is set forth in Paragraphs 10-21 of this Notice. The Settlement, if approved by the Court, will settle claims of the Settlement Class.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of himself and the Settlement Class, has agreed to settle the Action in exchange for a cash payment of $2.95 million in cash, to be paid by WIMC and its insurance carrier (the "Settlement Amount"). The Settlement Amount has been deposited into an interest-bearing escrow account. The Settlement Amount plus interest earned thereon (the "Settlement Fund") less (a) taxes on income earned by the Settlement Fund, defined more specifically in the Stipulation ("Taxes"), (b) the costs of giving notice of the Settlement to the Settlement Class and administering the Settlement, defined more specifically in the Stipulation ("Notice and Administration Costs"), and (c) any award of Attorneys' Fees and Litigation Expenses (defined in Paragraph 5 of this Notice) by the Court to Lead Counsel (the "Net Settlement Fund"), will be distributed to members of the Settlement Class ("Settlement Class Members") in accordance with a proposed plan of allocation set forth in Paragraphs 66-83 of this Notice or such other plan the Court approves (the "Plan of Allocation").

3. **Estimate of Average Amount of Recovery Per Share in the Settlement:** Based on Lead Plaintiff's damages expert's estimate of the number of shares of WIMC common stock purchased during the Settlement Class Period that may have been affected by the conduct alleged by Lead Plaintiff, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of Notice and Administration Costs and Attorneys' Fees and Litigation Expenses approved by the Court) is $0.118 per share. This average recovery per share is only an estimate. Some Settlement Class Members may recover more and some Settlement Class Members may recover less than this estimate, depending on, among other factors, (a) the number of Settlement Class Members who file claims, (b) the number of shares of WIMC common stock Settlement Class Members purchased and sold during the Settlement Class Period, and (c) when and at what prices Settlement Class Members purchased and sold shares of WIMC common stock during the Settlement Class Period.

4. **Average Amount of Recoverable Damages Per Share in Litigation:** Lead Plaintiff and Defendants (collectively, the "Parties") do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with Lead Plaintiff's assertion that Defendants made false or misleading

2

statements or omissions or violated the federal securities laws in any other way or that Lead Plaintiff and Settlement Class Members suffered damages as a result of Defendants' conduct.

5. **Attorneys' Fees and Litigation Expenses Sought:** Lead Counsel, who has been prosecuting the Action on a wholly contingent basis since 2017, has not received any payment of attorneys' fees for their representation of Lead Plaintiff and the Settlement Class and have advanced the funds to pay expenses incurred in the Action. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed $33^{1}/_{3}\%$ of the Settlement Fund, plus reimbursement of litigation expenses in an amount not to exceed $125,000, which may include the costs and expenses incurred by Lead Plaintiff directly related to Lead Plaintiff's representation of the Settlement Class ("Attorneys' Fees and Litigation Expenses"). Any award of Attorneys' Fees and Litigation Expenses by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any Attorneys' Fees and Litigation Expenses awarded by the Court. If the Court approves Lead Counsel's application for Attorneys' Fees and Litigation Expenses, Lead Counsel estimates that the average cost to WIMC common stock entitled to participate in the Settlement is $0.044 per share.

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Leanne Heine Solish, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, 1-(888) 773-9224, settlements@glancylaw.com.

7. **Reasons for the Settlement:** For Lead Plaintiff, the principal reason for the Settlement is the substantial cash payment to the Settlement Class without the risk or the delays inherent in further litigation, considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after (a) the Court decides contested motions to dismiss, for class certification, and for summary judgment, (b) trial, and (c) appeals, a process that could last several years. Defendants deny all allegations of wrongdoing and liability and deny that Settlement Class Members were damaged, and are entering into the Settlement solely to eliminate the uncertainty, burden, expense and risk of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **ACTION YOU MAY TAKE** | **EFFECT OF TAKING THIS ACTION** |
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____ \_\_, 2018** | Submitting a Claim Form in accordance with the instructions on the Claim Form and in this Notice makes you eligible to receive a payment in the Settlement – and is the only way to be eligible to receive a payment in the Settlement. If you submit a Claim Form and the Settlement is approved by the Court, you will give up the claims that are the subject matter of the Settlement and you will be bound by the Settlement and the Judgment (defined in Paragraph 26 of this Notice) and the releases provided for in the Judgment. |

3

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2018** | Excluding yourself from the Settlement Class is the only option that allows you to be part of any other lawsuit concerning the claims that are the subject matter of the Settlement. If you do so, you will not be eligible to receive a payment in the Settlement. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2018** | If you object to the Settlement, the Plan of Allocation, the request for Attorneys' Fees and Litigation Expenses, or any other aspect of the Settlement, you may still submit a Claim Form and be eligible to receive a payment in the Settlement but you may not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____ __, 2018 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED NO LATER THAN _____ __, 2018** | If you submit a written objection, you may (but are not required to) submit a notice of intention to appear at the Settlement Hearing, and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you do nothing, you will not be eligible to receive any payment in the Settlement, but you will remain in the Settlement Class. If the Settlement is approved by the Court, you will give up the claims that are the subject matter of the Settlement and you will be bound by the Settlement and the Judgment and the releases provided for in the Judgment. |

---

### WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ..... Page __

What Is This Case About? What Has Happened So Far? ..... Page __

Am I Included In The Settlement Class? If So, Can I Exclude Myself? ..... Page __

When and Where Is The Settlement Hearing? ..... Page __

What Will Be Considered By The Court At The Settlement Hearing? ..... Page __

Do I Have To Come To The Settlement Hearing? ..... Page __

What Are The Reasons For The Settlement? ..... Page __

How Much Is the Settlement? ..... Page __

If I Participate, How Much Will The Payment To Me Be? ..... Page __

How Do I Participate? What Do I Need To Do
   To Get Paid? How Do I Submit A Claim Form? ..... Page __

What Will I Give Up If I Participate? What Claims Are Being Released? ..... Page __

What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Attorneys Be Paid? ..... Page __

What If I Do Not Want To Be A Member Of The Settlement Class?
  How Do I Exclude Myself?                                                    Page __
How Do I Object To The Settlement?                                           Page __
What Is The Difference Between Requesting Exclusion and Objecting?           Page __
Who Represents Me At The Settlement Hearing?                                 Page __
How Do I Enter An Appearance If I Want To Represent Myself?                  Page __
What Happens If I Do Nothing?                                                Page __
The Plan of Allocation For The Net Settlement Fund                           Page __
Special Notice to Securities Brokers or Anyone Else Who Purchased
  WIMC Shares On Someone Else's Behalf                                       Page __
Who Can I Contact If I Have Questions? Can I See The Court File?             Page __

## WHY DID I GET THIS NOTICE?

8.     The Court directed that this Notice be sent to you because you may have purchased WIMC common stock during the Settlement Class Period and you may be a Settlement Class Member. Before the Court determines whether to approve the Settlement, Settlement Class Members have a right to know about the Settlement and what their rights and options are, and to make a determination with respect to whether and how to exercise these rights and options.

9.     This Notice is not an expression of any opinion by the Court concerning the merits of the Action or the Settlement. The Court has not yet decided whether to approve the Settlement.

## WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

10.    The Action was filed on March 16, 2017, in the United States District Court for the Southern District of Florida, styled as *Elkin v. Walter Investment Management Corp. et al*, Case No. 1:17-cv-20997-UU.

11.    Additional actions involving the same subject matter as the Action, styled *Bonomi v. Walter Investment Management Corporation, et al.*, Case No. 8:17-cv-00645, and *Petrovets v. Walter Investment Management Corporation, et al.*, Case No. 8:17-cv-00695, were filed in the United States District Court for the Middle District of Florida on March 17, 2017 and March 24, 2017, respectively.

12.    On May 2, 2017, the Action was transferred to the United States District Court for the Eastern District of Pennsylvania.

13.    On May 4, 2017 and May 9, 2017, the plaintiffs in the *Bonomi* and *Petrovets* actions dismissed those actions without prejudice.

14.    By Order dated June 12, 2017, the Court appointed Richard Worley Lead Plaintiff in the Action; and the Court approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the putative class.

15.    On September 15, 2017, Lead Plaintiff filed and served his Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims under Sections 10(b) and Section 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5

5

promulgated thereunder. Among other things, Lead Plaintiff alleges that Defendants made materially false and misleading statements concerning stockholders' equity value in WIMC and WIMC's deferred tax asset balances. Lead Plaintiff further alleges that the price of WIMC common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was alleged to have been revealed.

16.   On November 14, 2017, Defendants filed a motion to dismiss the Complaint, and on December 29, 2017, Lead Plaintiff opposed the motion to dismiss. The Court has not yet ruled on the motion to dismiss.

17.   On November 30, 2017, WIMC commenced a voluntary bankruptcy proceeding, and from November 30, 2017 to February 9, 2018 the Action was automatically stayed as to WIMC until the bankruptcy case concluded. While the Action was automatically stayed as to WIMC, the Parties discussed the possibility of resolution of the Action following WIMC's emergence from bankruptcy and agreed to mediate the Action before Michelle Yoshida, Esq. of Phillips ADR.

18.   On February 15, 2018, Lead Plaintiff, Lead Counsel and Defendants' Counsel participated in a full-day mediation session before Ms. Yoshida. In advance of that session, Lead Counsel and Defendants' Counsel exchanged, and provided to Ms. Yoshida, detailed mediation statements and exhibits, which addressed the issues of both liability and damages in the Action. The session resulted in an agreement in principle to settle the Action, and release all claims asserted against Defendants in the Action, in return for a cash payment by WIMC and its insurance carrier of $2.95 million for the benefit of the Settlement Class, subject to the drafting and execution of a formal settlement agreement and approval by the Court following notice to the Settlement Class. On July 13, 2018, the Parties entered the Stipulation.

19.   Based upon their investigation, prosecution and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of the Settlement are fair, reasonable and adequate to Lead Plaintiff and the Settlement Class, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of Lead Counsel, Lead Plaintiff has agreed to settle and release the claims in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation, motions, trial, and appeals.

20.   Defendants are entering into the Settlement solely to eliminate the uncertainty, burden, expense, and risk of further protracted litigation. Defendants deny the claims alleged by Lead Plaintiff in the Complaint and the Action, including, among other things, that Defendants made materially false and misleading statements concerning stockholders' equity value in WIMC, deferred tax asset balances, or any other subject, and that Defendants artificially inflated the prices of WIMC common stock by making materially false and misleading statements or in any other way, and that Defendants committed any other wrongdoing in any other way, and Defendants maintain that they have meritorious defenses to all claims alleged in the Complaint and the Action and all claims released in the Settlement provided for in the Stipulation. Defendants further deny that Lead Plaintiff and the Settlement Class have suffered damages as a result of any wrongful act by Defendants. Defendants nonetheless have concluded that continued litigation of the Action, including motions, discovery, trial, and appeals, would be protracted,

burdensome, and expensive, and that it is desirable and beneficial to Defendants that the Action be fully and finally compromised, settled, and terminated in the manner and upon the terms and conditions stated in the Stipulation, including the releases provided for in the Stipulation and the Judgment.

21. On _____ __, 2018, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement, to determine whether the Plan of Allocation for the Net Settlement Fund is fair and reasonable and should be approved, to determine whether Lead Counsel's request for Attorneys' Fees and Litigation Expenses should be approved by the Court, and to consider any other matters the Court deems appropriate.

## AM I INCLUDED IN THE SETTLEMENT CLASS? IF SO, CAN I EXCLUDE MYSELF?

22. The Settlement Class consists of all persons and entities who or which purchased WIMC common stock between August 9, 2016 through August 1, 2017, inclusive, and who were damaged thereby. The Settlement Class excludes Defendants, officers and directors of WIMC during the Settlement Class Period, members of their Immediate Families (defined in the Stipulation) and their legal representatives, heirs, successors or assigns and any entity in which any Defendants has or had a controlling interest during the Settlement Class Period. The Settlement Class also excludes any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court. Therefore, you may exclude yourself from the Settlement Class if you chose to do so. See "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," in Paragraphs 50-54 of this Notice.

23. Receipt of this Notice does not mean that you are a Settlement Class Member or that you are entitled to participate and receive a payment in the Settlement. To determine whether you are a member of the Settlement Class and are eligible to participate and receive a payment in the Settlement, please check your records or contact your broker to see if you purchased WIMC common stock during the Settlement Class Period. Free help is available by emailing or calling the Claims Administrator at info@WalterInvestmentSettlement.com or 1-866-302-3560.

## WHEN AND WHERE IS THE SETTLEMENT HEARING?

24. The Settlement Hearing will be held on _____ __, 2018 at __:__ _.m., before the Honorable J. Curtis Joyner at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, Courtroom 17-A, 601 Market Street, Philadelphia, PA 19106.

25. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you may confirm the date and time with Lead Counsel.

### WHAT WILL BE CONSIDERED BY THE COURT AT THE SETTLEMENT HEARING?

26.   The purpose of the Settlement Hearing is for the Court (a) to determine, solely for purposes of the Settlement, whether the Settlement Class should be finally certified, Lead Plaintiff should be finally certified as class representative for the Settlement Class, and Lead Counsel should be finally appointed as class counsel for the Settlement Class; (b) to determine whether the Settlement on the terms and conditions stated in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (c) to determine whether a Judgment in the form attached as Exhibit B to the Stipulation (the "Judgment"), including the releases provided for in the Judgment, should be entered; (d) to determine whether the Plan of Allocation for the Net Settlement Fund is fair and reasonable and should be approved by the Court; (e) to determine whether the request by Lead Counsel for an award of Attorneys' Fees and Litigation Expenses should be approved by the Court; and (f) to consider any other matters as the Court deems appropriate.

27.   The Court may approve and/or take other action with respect to the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of Attorneys' Fees and Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing and without further notice to Settlement Class Members.

### DO I HAVE TO COME TO THE SETTLEMENT HEARING?

28.   You do not need to attend the Settlement Hearing. You can participate in the Settlement in the manner stated in Paragraphs 36-37 of this Notice, request exclusion from the Settlement in the manner stated in Paragraphs 50-54 of this Notice, or object to the Settlement in the manner stated in Paragraphs 55-59 of this Notice, without attending the Settlement Hearing. You are, however, welcome to attend the Settlement Hearing at your own expense.

### WHAT ARE THE REASONS FOR THE SETTLEMENT?

29.   Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants in the Action have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through motions, trial and appeals, as well as the very substantial hurdles they would have to overcome to establish liability and damages. Lead Plaintiff and Lead Counsel recognize that Defendants have numerous potential defenses that could preclude recovery. For example, Defendants would, and have, asserted that the statements by Defendants that Lead Plaintiff challenges were not materially false and misleading, and that, even if they were, the statements were not made with the state of mind required to support the claims alleged. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. Lead Plaintiff would have to prevail at several stages – motions to dismiss, for class certification and for summary judgment, then a trial, and then an appeal. There was a very significant risk that, absent the Settlement, Lead Plaintiff and the Settlement Class would recover nothing at all in the Action.

30.   If there were no Settlement and Lead Plaintiff failed to prevail in the Action with respect to liability or failed to prove damages, neither Lead Plaintiff nor the Settlement Class would

recover anything from Defendants. If Defendants were successful in proving any of their defenses, either on a motion to dismiss, at summary judgment, trial or on appeal, the Settlement Class could recover substantially less than the amount provided for in the Settlement, or nothing at all.

31.   In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $2.95 million in cash (less the deductions described in this Notice including Notice and Administration Costs and Attorneys' Fees and Litigation Expenses), as compared to the risk that the claims in the Action would produce a smaller recovery years in the future, or no recovery at all.

32.   As set forth more fully in Paragraph 20 of this Notice, Defendants deny all allegations of wrongdoing and liability and deny that Settlement Class Members were damaged and are entering into the Settlement solely to eliminate the uncertainty, burden, expense and risk of further protracted litigation.

| HOW MUCH IS THE SETTLEMENT? |
| --- |

33.   Defendants and their insurance carrier have agreed to pay the Settlement Amount of $2.95 million in cash. The Settlement Amount has been deposited into an escrow account (the "Escrow Account"). The Settlement Fund is the Settlement Amount plus interest earned in the Escrow Account.

| IF I PARTICIPATE, HOW MUCH WILL THE PAYMENT TO ME BE? |
| --- |

34.   At this time, it is not possible to make any determination as to how much any Settlement Class Member may receive from the Settlement. If the Settlement is approved by the Court and all of the conditions specified in the Settlement occur or are waived, the Net Settlement Fund will be distributed among Settlement Class Members who submit Claim Forms that are approved for payment pursuant to the Plan of Allocation stated in Paragraphs 66-83 of this Notice. Your payment will depend on, among other factors, (a) the number of Settlement Class Members who file claims, (b) the number of shares of WIMC common stock Settlement Class Members purchased and sold during the Settlement Class Period, and (c) when and at what prices Settlement Class Members purchased and sold shares of WIMC common stock during the Settlement Class Period.

35.   Defendants and Defendants' Counsel take no position with respect to the Plan of Allocation. The Court's approval of the Settlement is independent from its approval of the Plan of Allocation. Approval of the Plan of Allocation is not a condition of the Settlement.

| HOW DO I PARTICIPATE? WHAT DO I NEED TO DO TO GET PAID? HOW DO I SUBMIT A CLAIM FORM? |
| --- |

36.   If you wish to participate in the Settlement and receive a payment from the Net Settlement Fund, you must be a member of the Settlement Class and you must complete and

submit a Claim Form in accordance with the instructions stated on the Claim Form and in this Notice and with the supporting documentation stated on the Claim Form and in this Notice by first-class postage prepaid mail **postmarked no later than _____ __, 2018**. A Claim Form is included with this Notice, and you may also obtain one from the website maintained by the Claims Administrator for the Settlement, www.WalterInvestmentSettlement.com, or you may request that a Claim Form be mailed to you by emailing the Claims Administrator at info@WalterInvestmentSettlement.com, or calling the Claims Administrator toll free at 1-866-302-3560. Please retain all records of your ownership of WIMC common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a Claim Form in the manner stated in this Notice, you will not be eligible to participate in the Settlement or receive any payment in the Settlement or share in the Net Settlement Fund. By submitting a Claim Form, you will be deemed to have submitted to the jurisdiction of the Court with respect to the Settlement and your Claim and Claim Form.

37.   A Claim Form must satisfy all of the following conditions: (a) it must be submitted in a timely manner in accordance with the provisions of Paragraph 36 of this Notice; (b) it must be properly completed in all material respects, including (i) the name, address, telephone number, and email address of the claimant, or, in the case of an entity, the name, address, telephone number, and email address of a contact person for the entity, and (ii) for each purchase and sale of WIMC common stock during the Settlement Class Period, the date, price(s), and number(s) of shares purchased and/or sold; (c) it must be accompanied by adequate supporting documentation showing purchases and sales of WIMC common stock during the Settlement Class Period in the form of broker confirmation slips, broker account statements, a statement from a broker containing the transactional and holding information found in a broker confirmation slip or account statement, or other comparable documentation that is deemed adequate by Lead Counsel or the Claims Administrator; (d) it must, if the person signing the Claim Form is acting in a representative capacity, include a certification of the person's authority to sign the Claim Form in a representative capacity that is acceptable to Lead Counsel or the Claims Administrator; (e) it must contain no deletions or modifications of any of the printed matter on the Claim Form, and (f) it must be signed under penalty of perjury. A Claim Form shall not be effective unless it complies with all of these conditions.

38.   If you are a member of the Settlement Class and do not submit a Claim Form in the manner stated in Paragraphs 36-37 of this Notice or if your Claim Form is not approved for any other reason, you will be deemed to have waived your right to share in the Net Settlement Fund and shall forever be barred and enjoined from participating in any distribution from the Net Settlement Fund, but shall in all respects be bound by the Settlement, including the Judgment and the releases provided for in the Judgment, and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in, individually, derivatively, as a class member or otherwise, any claims subject to the Settlement, the Judgment, and the releases provided for by the Judgment.

39.   Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in WIMC common stock held through the ERISA Plan in any Claim Form that they submit. They should include ONLY those shares that they purchased outside of the ERISA Plan. Claims based on any ERISA Plan's purchases of WIMC common stock during the Settlement Class Period may be made by the Plan's trustees. Defendants or any of the other persons or entities excluded from the Settlement Class who are

10

participants in the ERISA Plan shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

| WHAT WILL I GIVE UP IF I PARTICIPATE? WHAT CLAIMS ARE BEING RELEASED? |
|---|

40.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, and whether or not you participate in the Settlement by filing a Claim Form and whether or not you object to the Settlement, you will be bound by the Settlement and the Judgment, including the releases provided for in the Judgment, if the Settlement is approved by the Court. Pursuant to the Judgment, without further action by anyone, on the first business day after all of the conditions specified in the Settlement have occurred or been waived (the "Effective Date"), Lead Plaintiff and Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, dismissed, resolved, relinquished, waived and discharged the Released Plaintiff's Claims (defined in Paragraph 43 of this Notice) against the Defendants and Defendants' Releasees (defined in Paragraph 41 of this Notice), and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in, individually, derivatively, as a class member or otherwise, the Released Plaintiff's Claims against Defendants' Releasees. This release shall not apply to the Excluded Claims (defined in Paragraph 42 of this Notice).

41.   "Defendants' Releasees" means Defendants and every Defendant's present and former parents, subsidiaries, predecessors, successors, affiliates, divisions, directors, officers, employees, general partners, limited partners, managers, attorneys, accountants, auditors, bankers, advisors, agents, assigns, assignees, indemnifiers, insurers, reinsurers, heirs, estates, executors, trustees, administrators, or trusts, in their capacities as such.

42.   "Excluded Claims" means (a) claims asserted in the derivative action pending in the United States District Court for the Eastern District of Pennsylvania styled *Michael E. Vacek, Jr., et al. v. George M. Awad, et al.*, No. 2:17-cv-02820-JCJ, (b) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court, (c) claims by Defendants or other Defendants' Releasees against his, her, its or their insurers, and (d) claims relating to the enforcement of the Stipulation and the Settlement.

43.   "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (defined in Paragraph 44 of this Notice), whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Settlement Class: (a) asserted in the Complaint; or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of WIMC common stock during the Settlement Class Period, including the claims asserted in the actions styled *Bonomi v. Walter Investment Management Corporation, et al.*, Case No. 8:17-cv-00645, *and Petrovets v. Walter Investment Mangement Corporation, et al.*, Case No. 8:17-cv-00695, filed in the United States District Court for the Middle District of Florida on March 17, 2017 and March 24, 2017 and dismissed without prejudice on May 4, 2017 and May 9, 2017. Released Plaintiff's Claims do not include the Excluded Claims.

44. "Unknown Claims" means any of the Released Claims which the Lead Plaintiff or any other Settlement Class Member or the Defendants or any of the Defendants' Releasees does not know or suspect to exist in his, her or its favor at the time of the release of the Released Claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have to the fullest extent permitted by law, waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge that Lead Plaintiff and Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which he or they now knows or believes to be true with respect to the subject matter of the Released Claims, but that Lead Plaintiff and Defendants intend to, and upon the Effective Date, by operation of the Judgment, Lead Plaintiff, on behalf of himself and the Settlement Class, and Defendants shall be deemed to have, and shall have, settled and released, fully, finally, and forever, the Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which have existed, now exist, or will exist, upon any theory of law or equity, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and Settlement Class Members shall be deemed by operation of law to have acknowledged, that the inclusion of "Unknown Claim" in the paragraph of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material and essential element of the Stipulation and Settlement.

45. Also pursuant to the Judgment, without further action by anyone, upon the Effective Date, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, dismissed, resolved, relinquished, waived and discharged the Released Defendants' Claims (defined in Paragraph 47 of this Notice) against Lead Plaintiff and Plaintiff's Releasees (defined in Paragraph 46 of this Notice), and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in, individually, derivatively, as a class member or otherwise, the Released Defendants' Claims against any of the Plaintiff's Releasees. This release shat not apply to Excluded Claims.

46. "Plaintiff's Releasees" means Lead Plaintiff, Lead Counsel, all other plaintiffs in the Action, their respective attorneys, and all Settlement Class Members, and their respective present and former parents, subsidiaries, predecessors, successors, affiliates, divisions, directors, officers, employees, general partners, limited partners, managers, attorneys, accountants,

auditors, bankers, advisors, agents, assigns, assignees, indemnifiers, insurers, reinsurers, heirs, estates, executors, trustees, administrators, or trusts, in their capacities as such.

47.   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include the Excluded Claims.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE ATTORNEYS BE PAID?

48.   Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of Lead Plaintiff and the Settlement Class, and nor have Lead Plaintiff and Lead Counsel been reimbursed for their out-of-pocket expenses. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed $33\frac{1}{3}$% of the Settlement Fund, plus reimbursement of litigation expenses in an amount not to exceed $125,000, which may include the costs and expenses incurred by Lead Plaintiff directly related to Lead Plaintiff's representation of the Settlement Class. The Court will determine the amount of any award of Attorneys' Fees and Litigation Expenses and the award of Attorneys' Fees and Litigation Expenses approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for the award of Attorneys' Fees and Litigation Expenses.

49.   Defendants and Defendants' Counsel take no position with respect to Lead Counsel's request for an award of Attorneys' Fees and Litigation Expenses. The Court's approval of the Settlement is independent from its approval of an award of Attorneys' Fees and Litigation Expenses. Approval of an award of Attorneys' Fees and Litigation Expenses is not a condition of the Settlement.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

50.   If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must request exclusion in writing **by first class postage prepaid mail such that it is *received* no later than _____, 2018, or by delivering the request for exclusion in a manner providing for *receipt* no later than _____ ___, 2018,** in either case addressed to *WIMC Securities Litigation*, EXCLUSIONS, c/o A.B. Data, P.O. Box 173001, Milwaukee, WI 53217. If you exclude yourself from the Settlement Class in the manner stated in this Paragraph and Paragraph 51 of this Notice, you will not be bound by the Settlement, the Judgment and the releases provided for in the Judgment or any other orders entered by the Court, and you will not be eligible to participate in the Settlement or receive a payment in the Settlement or share in the Net Settlement Fund. By submitting a request for exclusion, you agree to the jurisdiction of the Court with respect to the Settlement and your request for exclusion.

51.   A request for exclusion must satisfy all of the following conditions: (a) it must be submitted in a timely manner in accordance with the provisions of Paragraph 50 of this Notice; (b) it must state the name, address, telephone number, and email address of the person or entity requesting exclusion, and in the case of an entity, the name, address, telephone number, and

email address of a contact person for the entity; (c) it must state that the person or entity requests exclusion from the Settlement Class in *Elkin v. Walter Investment Management Corp.*, Case No. 2:17-CV-02025-JCJ; (d) it must state, for each purchase and sale of WIMC common stock during the Settlement Class Period, the date, price(s), and number(s) of shares purchased and/or sold by the person or entity requesting exclusion; (e) it must be accompanied by adequate supporting documentation showing purchases and sales of WIMC common stock during the Settlement Class Period in the form of broker confirmation slips, broker account statements, a statement from a broker containing the transactional and holding information found in a broker confirmation slip or account statement, or other comparable documentation that is deemed adequate by Lead Counsel or the Claims Administrator; (f) it must, if the person signing the request for exclusion is acting in a representative capacity, include a certification of the person's authority to sign the request for exclusion that is acceptable to Lead Counsel or the Claims Administrator; and (g) it must be signed under penalty of perjury. A request for exclusion shall not be effective unless it complies with all of these conditions.

52. If you are a member of the Settlement Class and do not request exclusion from the Settlement Class in the manner stated in Paragraphs 50 and 51 of this Notice, you shall be deemed to have waived your right to be excluded from the Settlement Class, shall forever be barred and enjoined from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement, including the Judgment and the releases provided for in the Judgment, and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in, individually, derivatively, as a class member or otherwise, any claims subject to the Settlement, the Judgment, and the releases provided for by the Judgment.

53. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have filed, or later file, another lawsuit, arbitration, or other proceeding relating to the subject matter of the Settlement and Judgment.

54. WIMC has the right to terminate the Settlement if requests for exclusion made in the manner stated in Paragraphs 50 and 51 of this Notice are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and WIMC.

## HOW DO I OBJECT TO THE SETTLEMENT?

55. If you are a member of the Settlement Class and do not request exclusion from the Settlement Class in the manner stated in Paragraphs 50 and 51 of this Notice, you may file with the Clerk of the Court a written objection to the Settlement, the Plan of Allocation, Lead Counsel's request for Attorneys' Fees and Litigation Expenses, or any other aspect of the Settlement. Any such objection must also be sent to both Lead Counsel and Defendants' Counsel at the addresses below by **first class postage prepaid mail such that it is *received* no later than _____ __, 2018**, **or delivered in any manner providing for *receipt* by both Lead Counsel and Defendants' Counsel not later than _____ ___, 2018.**

14

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP | Weil, Gotshal & Manges LLP |
| Attn: Leanne Heine Solish, Esq. | Attn: Joseph S. Allerhand, Esq. |
| 1925 Century Park East, Suite 2100 | Stephen A. Radin, Esq. |
| Los Angeles, CA 90067 | 767 Fifth Avenue |
| | New York, New York 10153 |

Dechert, LLP
Attn: David H. Kistenbroker, Esq.
Joni S. Jacobsen, Esq.
35 West Wacker Drive
Suite 3400
Chicago, IL 60601

By submitting an objection, you agree to the jurisdiction of the Court with respect to the Settlement and your objection.

56.   An objection must satisfy all of the following conditions: (a) it must be submitted in a timely manner in accordance with the provisions of Paragraph 55 of this Notice; (b) it must state the name, address, telephone number and email address of the objector, or, in the case of an entity, the name, address, telephone number, and email address of a contact person for the entity; (c) it must state, for each purchase or sale of WIMC common stock during the Settlement Class Period, the date, price(s), and number(s) of shares purchased and/or sold; (d) it must be accompanied by adequate supporting documentation showing purchases and sales of WIMC common stock during the Settlement Class Period in the form of broker confirmation slips, broker account statements, a statement from a broker containing the transactional and holding information found in a broker confirmation slip or account statement, or other comparable documentation; (e) it must state the basis for the objection and include copies of any papers, briefs, or other documents the objector wishes to rely upon; (f) it must state whether the objector intends to appear at the Settlement Hearing, and, if so, the name(s) of any witness(es) the objector intends to call to testify and any exhibits the objector intends to introduce into evidence at the Settlement Hearing, and (g) it must be signed under penalty of perjury by the objector or an authorized representative of the objector. An objection shall not be effective unless it complies with all of these conditions.

57.   If you do not object in the manner stated in Paragraphs 55 and 56 of this Notice, you waive and forfeit your right to object to the Settlement, the Plan of Allocation, Lead Counsel's request for Attorneys' Fees and Litigation Expenses, or any other aspect of the Settlement, and shall forever be barred and enjoined from objecting to the Settlement, the Judgment and the releases provided for in the Judgment, the Plan of Allocation, Lead Counsel's request for Attorneys' Fees and Litigation Expenses, or any other aspect of the Settlement or from being heard in any other manner concerning the Settlement, the Judgment, and the releases provided for in the Judgment, the Plan of Allocation, Lead Counsel's request for Attorneys' Fees and Litigation Expenses, or any other aspect of the Settlement in this and any other proceeding, and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining,

15

intervening in, or participating in, individually, derivatively, as a class member or otherwise, any claims subject to the Settlement, the Judgment, and the releases provided for by the Judgment.

58.   You may file a written objection without appearing at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first enter an appearance in the Action in the manner stated in Paragraph 63 of this Notice.

59.   You are not required to hire an attorney to represent you in objecting to the Settlement, the Plan of Allocation, the request for Attorneys' Fees and Litigation Expenses or any other aspect of the Settlement. If, however, you do decide to hire an attorney, it will be at your own expense.

| WHAT IS THE DIFFERENCE BETWEEN REQUESTING EXCLUSION AND OBJECTING? |
|---|

60.   Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no right to object to the Settlement, the Plan of Allocation or the request for Attorneys' Fees and Litigation Expenses or any other aspect of the Settlement because you are no longer a member of the Settlement Class and the Settlement does not affect you.

61.   Objecting is telling the Court that you do not like something about the Settlement, the Plan of Allocation or the request for Attorneys' Fees and Litigation Expenses or any other aspect of the Settlement. You can object only if you stay in the Settlement Class. If you object and the Settlement is approved, you are still eligible to participate in the Settlement and receive a payment in the Settlement and share in the Net Settlement Fund.

| WHO REPRESENTS ME AT THE SETTLEMENT HEARING? |
|---|

62.   If you are a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance individually or through counsel of your own choice at your own expense and in the manner stated in Paragraph 63 of this Notice.

| HOW DO I ENTER AN APPEARANCE IF I WANT TO REPRESENT MYSELF? |
|---|

63.   If you are a member of the Settlement Class and do not request exclusion from the Settlement Class, you may enter an appearance in the Action at your own expense, individually or through counsel of your choice, by filing a notice of appearance with the Clerk of the Court. Any such notice of appearance must also be mailed or delivered to both Lead Counsel and Defendants' counsel at the addressed below **such that it is *received* no later than _____ __, 2018.**

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP | Weil, Gotshal & Manges LLP |
| Attn: Leanne Heine Solish, Esq. | Attn: Joseph S. Allerhand, Esq. |
| 1925 Century Park East, Suite 2100 | Stephen A. Radin, Esq. |
| Los Angeles, CA 90067 | 767 Fifth Avenue |
| | New York, New York 10153 |

Dechert, LLP
Attn: David H. Kistenbroker, Esq.
Joni S. Jacobsen, Esq.
35 West Wacker Drive
Suite 3400
Chicago, IL 60601

64.   If you do not enter an appearance in the manner stated in Paragraph 63 of this Notice, you will be represented by Lead Counsel and waive and forfeit your right to represent yourself or be represented by counsel of your choice or to speak at the Settlement Hearing.

## WHAT HAPPENS IF I DO NOTHING?

65.   If you do nothing, you will be bound by the Settlement if it is approved by the Court, including the Judgment and the releases provided for in the Judgment. You will not be eligible to participate in the Settlement or receive a payment in the Settlement or share in the Net Settlement Fund. You will not be eligible to request exclusion from the Settlement Class. You will not be eligible to object to the Settlement, the Plan of Allocation, the request for Attorneys' Fees and Litigation expenses or any other aspect of the Settlement.

## THE PLAN OF ALLOCATION FOR THE NET SETTLEMENT FUND

66.   Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the period between August 9, 2016 and August 1, 2017, inclusive, which had the effect of artificially inflating the prices of WIMC common stock. Lead Plaintiff further alleges that corrective disclosures removed artificial inflation from the price of WIMC common stock on March 14, 2017, May 26, 2017 and August 1, 2017. In order to have recoverable damages, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of WIMC common stock.

67.   The objective of the Plan of Allocation is not to measure these damages. It is to equitably distribute the Settlement Fund among Settlement Class Members who suffered economic losses as a result of the alleged misrepresentations and omissions and who submit Claims Forms that are approved for payment ("Authorized Claimants"). The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts Authorized Claimants might recover after a trial. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to

17

weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

68.   In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amount of inflation in the per share closing prices of WIMC common stock during the period between August 9, 2016 and August 1, 2017, inclusive. Lead Plaintiff's damages expert considered price changes in WIMC common stock in reaction to public announcements Lead Plaintiff alleges revealed the truth concerning the alleged misrepresentations and omissions, adjusting for price changes that were attributable to market or industry forces. Lead Plaintiff's damages expert's estimated artificial inflation in WIMC common stock is shown in Table A below.

Table A

| Purchase or Sale Date Range | Artificial Inflation Per Share |
|---|---|
| 08/09/2016 - 03/13/2017 | $ 1.48 |
| 03/14/2017 - 05/26/2017 | $ 0.51 |
| 05/30/2017 - 08/01/2017 | $ 0.28 |

69.   Based on these estimates, the Claims Administrator will calculate a "Recognized Loss Amount" for each Authorized Claimant's purchase of WIMC common stock during the Settlement Class Period based on the formula stated below.

   A.   For shares sold between August 9, 2016 and August 1, 2017, the Recognized Loss Amount shall be that number of shares multiplied by the lesser of:

      (1)   the applicable purchase date artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as showing in the following Table A; or
      (2)   the difference between the purchase price per share and the sales price per share.

   B.   For shares sold between August 2, 2017 and October 30, 2017, the Recognized Loss Amount shall be the lesser of:

      (1)   the applicable purchase date artificial inflation per share figure, as shown in Table A; or
      (2)   the difference between the purchase price per share and the sales price per share; or
      (3)   the difference between the purchase price per share and the average closing price between August 2, 2017 and the date of sale, shown in the following Table B.

18

Table B

| Date of Sale | Average Closing Price Between 08/02/2017 and Date of Sale | Date of Sale | Average Closing Price Between 08/02/2017 and Date of Sale |
|---|---|---|---|
| 08/02/2017 | $0.51 | 09/18/2017 | $0.43 |
| 08/03/2017 | $0.48 | 09/19/2017 | $0.44 |
| 08/04/2017 | $0.46 | 09/20/2017 | $0.45 |
| 08/07/2017 | $0.45 | 09/21/2017 | $0.46 |
| 08/08/2017 | $0.44 | 09/22/2017 | $0.46 |
| 08/09/2017 | $0.43 | 09/25/2017 | $0.47 |
| 08/10/2017 | $0.43 | 09/26/2017 | $0.47 |
| 08/11/2017 | $0.42 | 09/27/2017 | $0.47 |
| 08/14/2017 | $0.41 | 09/28/2017 | $0.47 |
| 08/15/2017 | $0.41 | 09/29/2017 | $0.48 |
| 08/16/2017 | $0.40 | 10/02/2017 | $0.48 |
| 08/17/2017 | $0.39 | 10/03/2017 | $0.48 |
| 08/18/2017 | $0.39 | 10/04/2017 | $0.48 |
| 08/21/2017 | $0.39 | 10/05/2017 | $0.48 |
| 08/22/2017 | $0.40 | 10/06/2017 | $0.49 |
| 08/23/2017 | $0.41 | 10/09/2017 | $0.49 |
| 08/24/2017 | $0.41 | 10/10/2017 | $0.49 |
| 08/25/2017 | $0.41 | 10/11/2017 | $0.49 |
| 08/28/2017 | $0.42 | 10/12/2017 | $0.49 |
| 08/29/2017 | $0.42 | 10/13/2017 | $0.49 |
| 08/30/2017 | $0.42 | 10/16/2017 | $0.49 |
| 08/31/2017 | $0.42 | 10/17/2017 | $0.49 |
| 09/01/2017 | $0.42 | 10/18/2017 | $0.49 |
| 09/05/2017 | $0.43 | 10/19/2017 | $0.49 |
| 09/06/2017 | $0.43 | 10/20/2017 | $0.49 |
| 09/07/2017 | $0.43 | 10/23/2017 | $0.49 |
| 09/08/2017 | $0.43 | 10/24/2017 | $0.49 |
| 09/11/2017 | $0.43 | 10/25/2017 | $0.49 |
| 09/12/2017 | $0.43 | 10/26/2017 | $0.49 |
| 09/13/2017 | $0.43 | 10/27/2017 | $0.49 |
| 09/14/2017 | $0.43 | 10/30/2017 | $0.49 |
| 09/15/2017 | $0.43 | | |

C.    For shares held at the end of trading on October 30, 2017, the Recognized Loss Amount shall be that number of shares multiplied by the lesser of:

(1)    the applicable purchase date artificial inflation per share figure, as found in Table A; or

19

(2)    the difference between the purchase price per share and $0.49.[*]

70.    In calculating each Recognized Loss Amount, if a Settlement Class Member has more than one purchase or sale of WIMC common stock, all purchases and sales shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Settlement Class Period.

71.    In calculating each Recognized Loss Amount, if a Recognized Loss Amount calculates to a negative number or zero, that Recognized Loss Amount will be zero.

72.    For each Authorized Claimant, the sum of that Authorized Claimant's Recognized Loss Amounts shall constitute that Authorized Claimant's "Recognized Claim."

73.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of each Authorized Claimant's Recognized Claim. For each Authorized Claimant, that Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund, will be that Authorized Claimant's "Distribution Amount." If an Authorized Claimant's Distribution Amount is less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

74.    Purchases and sales of WIMC common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of WIMC common stock shall not be deemed a purchase

---

[*] The relevant statutory provisions are as follows:

Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, provides that "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, provides that "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." The mean (average) closing price of WIMC Investment common stock during the 90-day period beginning on August 2, 2017 and ending on October 30, 2017 was $0.49 per share.

20

or sale of WIMC common stock for the calculation of Recognized Loss Amount and Recognized Claim. A receipt or grant by gift, inheritance or operation of law of WIMC common stock shall also not be deemed an assignment of any claim relating to the purchase of any WIMC common stock, unless (a) the donor or decedent purchased such WIMC common stock during the Settlement Class Period; (b) no Claim Form was submitted by or on behalf of the donor, the decedent, or by anyone else with respect to such WIMC common stock.

75.    The date of covering a "short sale" of WIMC common stock is deemed to be the date of purchase. The date of a "short sale" is deemed to be the date of sale. The Recognized Loss Amount on "short sales," however, will be zero. In the event that a Claimant has an opening short position in WIMC common stock, the earliest Settlement Class Period purchases of that security shall be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

76.    Option contracts are not securities eligible to participate in the Settlement. With respect to WIMC common stock purchased or sold through the exercise of an option contract, the purchase or sale date is the exercise date of the option and the purchase or sale price is the exercise price of the option.

77.    To the extent an Authorized Claimant has a market gain with respect to his, her, or its overall transactions in WIMC common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero. To the extent an Authorized Claimant suffered an overall market loss with respect to his, her, or its overall transactions in WIMC common stock during the Settlement Class Period that was less than the total Recognized Claim calculated in the manner stated above, the Recognized Claim shall be limited to the amount of the actual market loss.

78.    For purposes of determining whether an Authorized Claimant had a market gain with respect to his, her, or its overall transactions in WIMC common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (a) the Total Purchase Amount (defined below) and (b) the sum of the Total Sales Proceeds (defined below) plus Total Holding Value (defined below). This difference shall be deemed the Authorized Claimant's market gain or loss with respect to his, her, or its overall transactions in WIMC common stock during the Settlement Class Period. For the purpose of this calculation: (1) "Total Purchase Amount" is the total amount an Authorized Claimant paid (excluding commissions and other charges) for WIMC common stock purchased during the Settlement Class Period; (2) "Total Sales Proceeds" is the total amount received (excluding commissions and other charges) for WIMC common stock sold during the Settlement Class Period, with the Claims Administrator matching sales of WIMC common stock during the Settlement Class Period first against the Authorized Claimant's opening position and the proceeds of those sales not being considered for purposes of calculating market gains or losses; and (3) "Total Holding Value" is the total of the holding values attributed to WIMC common stock purchased during the Settlement Class Period and held as of the close of trading on August 1, 2017, which shall be the August 2, 2017 closing price of WIMC common stock, $0.51.

79.    To the extent money remains in the Net Settlement Fund nine (9) months after the distribution of the Settlement Fund because Authorized Claimants have failed to cash distribution checks or for any other reason, Lead Counsel, in consultation with the Claims

Administrator, will determine whether it is cost-effective, considering the amount of money remaining in the Net Settlement Fund and the cost involved, to conduct a second distribution to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 in a re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 in additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions would be cost-effective, considering the amount of money remaining in the Net Settlement Fund and the cost involved. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

80. The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion of it for any reason whatsoever, including, without limitation, the number of Claims and Claim Forms submitted, the total amount of Recognized Claims of Authorized Claimants, the percentage of recovery by the Settlement Class or Authorized Claimants of alleged of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

81. Payment pursuant to the Plan of Allocation is conclusive. No person or entity shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator or any other agent designated by Lead Plaintiff's Counsel, or against Defendants, Defendants' Counsel, or Defendants' Releasees, arising from distributions made substantially in accordance with the terms of the Plan of Allocation as stated in this Notice or as modified by the Court. Lead Plaintiff and Defendants, and their respective counsel and other advisors and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund and the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith. No opinion or advice concerning the tax consequences of the proposed Settlement to Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard being made. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and may vary depending on the particular circumstances of each individual Settlement Class Member.

82. The Plan of Allocation stated above is the plan being proposed to the Court for the Court's approval by Lead Plaintiff after consultation with Lead Plaintiff's damages expert. The Court may approve this plan as proposed or it may modify this plan without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.WalterInvestmentSettlement.com.

83. Defendants and Defendants' Counsel take no position with respect to the Plan of Allocation. The Court's approval of the Settlement is independent from its approval of the Plan of Allocation. Approval of the Plan of Allocation is not a condition of the Settlement.

| **SPECIAL NOTICE TO SECURITIES BROKERS OR ANYONE ELSE WHO PURCHASED WIMC SHARES ON SOMEONE ELSE'S BEHALF** |
|---|

84.   Within seven (7) calendar days of receipt of this Notice, nominee purchasers such as brokerage firms and other persons and entities that purchased or otherwise acquired WIMC common stock during the Settlement Class Period as record owners, but not as beneficial owners, are directed to either (a) request from the Claims Administrator sufficient copies of the Notice and Claims Form to forward to all beneficial owners by first-class postage prepaid mail within seven (7) calendar days of receipt of sufficient copies of the Notice and Claims Form, in which event the nominee purchasers are directed to send a statement to the Claims Administrator confirming that the mailing has been made as directed; or (b) provide the Claims Administrator a list of the names and addresses of all beneficial owners (or computer-generated mailing labels with the names and addresses of all beneficial owners), in which event the Claims Administrator shall forward copies of the Notice and the Claims Form to all beneficial owners by first-class postage prepaid mail. The Claims Administrator shall reimburse nominee purchasers from the Settlement Fund for reasonable expenses actually incurred complying with this Order following submission to the Claims Administrator of documentation supporting the expenses for which reimbursement is sought. Disputes concerning the reasonableness or documentation of expenses incurred are subject to review by the Court. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.WalterInvestmentSettlement.com, by emailing the Claims Administrator at info@WalterInvestmentSettlement.com, or by calling the Claims Administrator toll-free at 1-866-302-3560.

| **WHO CAN I CONTACT IF I WANT MORE INFORMATION OR HAVE QUESTIONS? CAN I SEE THE COURT FILE?** |
|---|

85.   This Notice contains only a summary of the Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106. Copies of the Stipulation and orders entered by the Court concerning the Settlement are also posted on the website maintained by the Claims Administrator, www.WalterInvestmentSettlement.com. You may also contact the Claims Administrator or Lead Counsel at the following addresses and telephone numbers.

All inquiries concerning this Notice and the Claim Form should be directed to:

| *WIMC Securities Litigation* | and/or | Leanne Heine Solish, Esq. |
| c/o A.B. Data, Ltd. | | GLANCY PRONGAY |
| P.O. Box 173049 | | & MURRAY LLP |
| Milwaukee, WI 53217 | | 1925 Century Park East, |
| 800-302-3560 | | Suite 2100 |
| www.WalterInvestmentSettlement.com | | Los Angeles, CA 90067 |
| | | 1-(888) 773-9224 |
| | | settlements@glancylaw.com |

**PLEASE DO NOT CALL OR WRITE THE COURT OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**


Dated: _____ __, 2018                    By Order of the Court
                                             United States District Court
                                             Eastern District of Pennsylvania

24

**Exhibit 2**

**WIMC Securities Litigation**
**c/o A.B. Data, Ltd.**
**P.O. Box 173049**
**Milwaukee, WI 53217**
**Toll-Free Number: (866) 302-3560**
**Email: info@WalterInvestmentSettlement.com**
**Settlement Website: www.WalterInvestmentSettlement.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than _____, 2018**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | __ |
| **PART II – GENERAL INSTRUCTIONS** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN WIMC COMMON STOCK** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Names(s) (as the name(s) should appear on check, if eligible for payment; if the shares are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:          Zip Code:                          Country:

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:[1]

Daytime Telephone Number:                          Evening Telephone Number:

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

---

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and the telephone number of the beneficial owner(s) may be used in verifying this claim.

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation for the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page __ of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.**  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Walter Investment Management Corporation, now known as Ditech Holding Corporation ("WIMC") common stock.  On this schedule, please provide all of the requested information with respect to your holdings, purchases, and sales of WIMC common stock, including whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      Please note:  Only shares of WIMC common stock purchased during the Settlement Class Period (*i.e.*, from August 9, 2016 through August 1, 2017, inclusive) are eligible to recover under the Settlement.  However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of WIMC common stock during the period from August 2, 2017 through October 30, 2017, inclusive, will be used for purposes of calculating your claim under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to calculate your claim, the requested purchase information during the 90-day look-back period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of WIMC common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a

Page 3

broker confirmation slip or account statement.  Lead Counsel, WIMC, and the Claims Administrator do not independently have information about your investments in WIMC common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

7.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her individual retirement account ("IRA") transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity, which includes all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8.      All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.  If you purchased WIMC common stock during the Settlement Class Period and held the shares in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased WIMC common stock during the relevant time period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

      (a)      expressly state the capacity in which they are acting;

      (b)      identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the WIMC common stock; and

      (c)      furnish herewith evidence of their authority to bind the person or entity on whose behalf they are acting to the Claim Form.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's account(s).)

10.     By submitting a signed Claim Form, you will be swearing that you:

      (a)      own(ed) the WIMC common stock you have listed in the Claim Form; or

      (b)      are expressly authorized to act on behalf of the owner thereof.

11.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.     If the Court approves the Settlement, payments, pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves), will be made to each eligible Authorized Claimant after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

13.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@WalterInvestmentSettlement.com, or by toll-free phone at (866) 302-3560, or you can visit the Settlement website, www.WalterInvestmentSettlement.com, where copies of the Claim Form and Notice are available for downloading.

15.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.WalterInvestmentSettlement.com or you may email the Claims Administrator's electronic filing department at info@WalterInvestmentSettlement.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator sends you an email with your claim number(s) and respective account information, stating that it has been properly submitted.  **Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@WalterInvestmentSettlement.com to inquire about your file and confirm it was received and acceptable.**

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 302-3560.**

**PART III – SCHEDULE OF TRANSACTIONS IN WIMC COMMON STOCK**

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above. Do not include information regarding securities other than WIMC common stock.

| | | | | |
|---|---|---|---|---|
| **1.  HOLDINGS AS OF August 9, 2016** – State the total number of shares of WIMC common stock held as of the opening of trading on August 9, 2016.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position  Enclosed ○ |
| **2.  PURCHASES FROM August 9, 2016 THROUGH August 1, 2017** – Separately list each and every purchase (including free receipts) of WIMC common stock from after the opening of trading on August 9, 2016 through and including the close of trading on August 1, 2017.  (Must be documented.) | | | | |
| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **3.  PURCHASES FROM August 2, 2017 THROUGH October 30, 2017** – State the total number of shares of WIMC common stock purchased (including free receipts) from after the opening of trading on August 2, 2017 through and including the close of trading on October 30, 2017.  If none, write "zero" or "0."[2] _____ | | | | |
| **4.  SALES FROM August 9, 2016 THROUGH October 30, 2017** – Separately list each and every sale/disposition (including free deliveries) of WIMC common stock from after the opening of trading on August 9, 2016 through and including the close of trading on October 30, 2017. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **5.  HOLDINGS AS OF October 30, 2017** – State the total number of shares of WIMC common | | | | Confirm Proof of |

---

[2] **Please note**:  Information requested with respect to your purchases of WIMC common stock from after the opening of trading on August 2, 2017 through and including the close of trading on October 30, 2017 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| | |
|---|---|
| stock held as of the close of trading on October 30, 2017.  (Must be documented.)  If none, write "zero" or "0." _____ | Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

409159.1 WALTER

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged Released Plaintiff's Claims against the Defendants and Defendants' Releasees, and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in, individually, derivatively, as a class member or otherwise, the Released Plaintiff's Claims against Defendants' Releasees. This release will not apply to the Excluded Claims.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.    that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.    that I (we) own(ed) the WIMC common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.    that the claimant(s) has (have) not submitted any other claim covering the same purchases of WIMC common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

8.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                                               Date

_____

Print your name here

_____

Signature of joint claimant, if any                                                           Date

_____

Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                              Date

_____

Print your name here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see paragraph 9 on page __ of this Claim Form.)

Page 9

## <u>REMINDER CHECKLIST:</u>

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (866) 302-3560.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@WalterInvestmentSettlement.com, or by toll-free phone at (866) 302-3560, or you may visit www.WalterInvestmentSettlement.com. Please DO NOT call WIMC or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **NO LATER THAN XXXXXX**, ADDRESSED AS FOLLOWS:

WIMC Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173049
Milwaukee, WI  53217
(866) 302-3560
www.WalterInvestmentSettlement.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before XXXXX is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

409159.1 WALTER

Exhibit 3

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| COURTNEY ELKIN, On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>WALTER INVESTMENT MANAGEMENT CORP., *et al.*,<br><br>    Defendants. | Class Action No. 2:17-cv-02025-JCJ |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: All persons and entities who or which purchased common stock of Walter Investment Management Corporation, now known as Ditech Holding Corporation ("WIMC"), between August 9, 2016 through August 1, 2017, inclusive and who were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

  YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Pennsylvania, that the above-captioned litigation (the "Action") has been preliminarily certified as a class action for the purposes of settlement only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the Stipulation and Agreement of Settlement dated July 13, 2018 (the "Stipulation").

  YOU ARE ALSO NOTIFIED that that the Court-appointed Lead Plaintiff, Richard Worley ("Lead Plaintiff"), on behalf of himself and the Settlement Class, and WIMC and the other defendants in the Action (the "Defendants"), have reached a proposed settlement of the Action for $2.95 million in cash that, if approved, will resolve all claims in the Action (the "Settlement").

  The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2018 at __:__ _.m., before the Honorable J. Curtis Joyner, in Courtroom 17-A of the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, to determine: (a) whether the Settlement Class should be finally certified, Lead Plaintiff should be finally certified as class

representative for the Settlement Class, and Glancy Prongay & Murray LLP ("Lead Counsel") should be finally appointed as class counsel for the Settlement Class; (b) whether the Settlement on the terms and conditions stated in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (c) whether a Judgment in the form attached as Exhibit B to the Stipulation (the "Judgment"), including the releases provided for in the Judgment, should be entered; (d) whether the Plan of Allocation (defined in the Stipulation) for the Net Settlement Fund (defined in the Stipulation) is fair and reasonable and should be approved by the Court; (e) whether the request by Lead Counsel for an award of Attorneys' Fees and Litigation Expenses (defined in the Stipulation) should be approved by the Court; and (f) any other matters that the Court deems appropriate.

**If you are a member of the Settlement Class, your rights are affected by the pending Action and the Settlement, and you may be entitled to a cash payment in the Settlement**. If you have not yet received the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice") and the claim form included with the Notice (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at WIMC *Securities Litigation*, c/o A.B. Data., P.O. Box 173049, Milwaukee, WI 53217, 1-800-985-7155.  Copies of the Stipulation, Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.WalterInvestmentSettlement.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment in the Settlement, you must submit a Claim Form in the manner stated in the Notice postmarked no later than _____ __, 2018. If you are a member of the Settlement Class and do not submit a properly completed Claim Form by that date, you will not be eligible for a payment in the Settlement, but you will nevertheless be bound by the Settlement and the Judgment and the releases provided for in the Judgment and any other orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion to WIMC Securities Litigation, EXCLUSIONS, c/o A.B. Data, P.O. Box 173001, Milwaukee, WI 53217, in the manner stated in the Notice such that it is *received* no later than _____, 2018. If you exclude yourself from the Settlement Class in the manner stated in the Notice, you will not be eligible for a payment in the Settlement and you will not be bound by the Settlement and the Judgment and the releases provided for in the Judgment and any other orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to object to the Settlement, the Plan of Allocation, the request for Attorneys' Fees and Litigation Expenses, or any other aspect of the Settlement, you must submit a written objection to the Court, Lead Counsel and Defendants' Counsel in the manner and at the addresses stated in the Notice such that it is *received* no later than _____ __, 2018.

**Please do not contact the Court, the Clerk's office, WIMC, any other defendants or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*WIMC Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173049
Milwaukee, WI 53217
800-866-3560
www.WalterInvestmentSettlement.com

Inquiries, other than requests for the Notice and the Claim Form should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY  LLP
Attn: Leanne Heine Solish, Esq.
1925 Century Park East, Suite 2100
Los Angeles, California 90067
(888) 773-9224
settlements@glancylaw.com

By Order of the Court

409156.1 WALTER