UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COURTNEY ELKIN, On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALTER INVESTMENT MANAGEMENT CORP., GEORGE M. AWAD, ANTHONY N. RENZI, and GARY L. TILLETT,<br><br>Defendants. | Class Action No. 2:17-cv-02025-JCJ |

**[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a class action is pending in this Court entitled *Elkin v. Walter Investment Management Corp. et al*, Case No. 2:17-CV-02025-JCJ (the "Action");

WHEREAS, (a) Lead Plaintiff Richard Worley ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below), and (b) defendants Walter Investment Management Corp., now known as Ditech Holding Corporation ("WIMC"), George M. Awad, Denmar J. Dixon, Anthony N. Renzi and Gary L. Tillett (collectively, together with WIMC, the "Defendants" and together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated July 13, 2018 (the "Stipulation") that provides for a complete dismissal of the Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff and Lead Plaintiff's counsel ("Lead Counsel") has made an application pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order, among

other things, (a) preliminarily approving the Settlement, (b) preliminarily certifying the Settlement Class (defined below) solely for purposes of the Settlement, (c) ordering that notice of the Settlement be provided to members of the Settlement Class ("Settlement Class Members"); (d) providing Settlement Class Members the opportunity to exclude themselves from the Settlement Class or to object to the Settlement; and (e) scheduling the Settlement Hearing (defined below);

WHEREAS, the Court has read and considered the Stipulation and Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection with the motion;

WHEREAS, the Parties have consented to the entry of this Order; and

WHEREAS, unless otherwise defined herein, all terms with initial capitalization have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.  **Provisional Certification of the Settlement Class** – Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court provisionally certifies, for purposes of the Settlement only, a Settlement Class consisting of all persons and entities who or which purchased WIMC common stock between August 9, 2016 through August 1, 2017, inclusive and who were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are Defendants, officers and directors of WIMC during the period between August 9, 2016 and August 1, 2017, inclusive (the "Settlement Class Period"), members of their Immediate Families (defined in the Stipulation) and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a controlling interest during the Settlement Class

Period. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

    2.    **Class Findings** – Solely for purposes of the Settlement, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met:

    (a)    the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable;

    (b)    there are questions of law and fact common to the Settlement Class that predominate over any individual questions;

    (c)    the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class;

    (d)    Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

    (e)    questions of law and fact common to Settlement Class Members predominate over any individual questions; and

    (f)    a class action is superior to other available methods for the fair and efficient adjudication of the Action.

    3.    **Adequacy of Representation** – Solely for purposes of the Settlement, the Court finds and concludes pursuant to Rule 23 of the Federal Rules of Civil Procedure that Lead Plaintiff is an adequate class representative and certifies him as representative for the Settlement Class, and appoints Lead Counsel as counsel for the Settlement Class. The Court finds that Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in

litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23.

4. **Preliminary Approval of the Settlement** – The Court preliminarily approves the Settlement on the terms and conditions stated in the Stipulation as fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing. The Settlement Amount (defined in the Stipulation) shall be paid as provided for in the Stipulation and on the terms and conditions stated in the Stipulation, including the provisions providing for repayment of the Settlement Amount in the event the Court does not finally approve the Settlement following the Settlement Hearing or if the Settlement is terminated pursuant to the terms of the Stipulation or if the Effective Date (defined in the Stipulation) does not occur for any other reason.

5. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _October 10_, 2018 at _11:30 a_.m. in Courtroom 17-A, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for the following purposes:

(a) to determine, solely for purposes of the Settlement, whether (i) the Settlement Class should be finally certified, (ii) Lead Plaintiff should be finally certified as class representative for the Settlement Class, and (iii) Lead Counsel should be finally appointed as class counsel for the Settlement Class;

(b) to determine whether the Settlement on the terms and conditions stated in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court;

4

409157 1 WALTER

(c) to determine whether a Judgment in the form attached as Exhibit B to the Stipulation (the "Judgment"), including the releases provided for in the Judgment, should be entered;

(d) to determine whether the Plan of Allocation (defined in the Stipulation) for the Net Settlement Fund (defined in the Stipulation) is fair and reasonable and should be approved by the Court;

(e) to determine whether the request by Lead Counsel for an award of Attorneys' Fees and Litigation Expenses (defined in the Stipulation) should be approved by the Court; and

(f) to consider any other matters as the Court deems appropriate.

6. The Court may adjourn the Settlement Hearing or modify any of the dates stated in this Order without further notice to the Settlement Class. The Court may approve the Settlement with modifications to which the Parties agree in the manner provided for in the Settlement without further notice to the Settlement Class. The Court may enter the Judgment approving the Settlement whether or not the Court approves the Plan of Allocation provided for in the Stipulation and whether or not the Court approves the request by Lead Counsel for Attorneys' Fees and Litigation Expenses provided for in the Stipulation.

7. **Retention of Claims Administrator** – Lead Counsel is authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to administer the Settlement as provided for in the Stipulation and in this Order.

8. **Manner of Giving Notice** – Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a) Within ten (10) business days of the date of entry of this Order, WIMC shall provide or cause to be provided to the Claims Administrator the names and addresses contained in WIMC's stock transfer records of the holders of the WIMC common stock during the Settlement Class Period in the manner stated in the Stipulation;

(b) Within twenty (20) business days of the date of entry of this Order, Lead the Claims Administrator shall send, by first-class postage prepaid mail, the Notice (defined in the Stipulation and substantially in the form attached as Exhibit 1 to this Order) and the Claim Form (defined in the Stipulation and substantially in the form attached as Exhibit 2 to this Order), with the date and time of the Settlement Hearing included, to the names at the addresses in the stock transfer records provided by WIMC and to other potential members of the Settlement Class who may be identified by the Claims Administrator through further reasonable effort;

(c) Also within twenty (20) business days of the date of entry of this Order, the Claims Administrator shall post copies of the Stipulation, this Order, the Notice, and the Claim Form on a website to be developed for the Settlement and from which copies of the Notice and Claim Form can be downloaded;

(d) Within thirty (30) business days of the date of entry of this Order, the Claims Administrator shall publish the Summary Notice (defined in the Stipulation and substantially in the form attached as Exhibit 3 to this Order), with the date and time of the Settlement Hearing included, once in *Investor's Business Daily* and to transmit it once over the *PR Newswire*;

(e) The Claims Administrator shall send the Notice and Claim Form, by first-class postage prepaid mail, to any person or entity that requests the Notice or Claim Form within seven (7) calendar days of receipt of any request for the Notice or Claim Form; and

(f) Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of mailing and publication of the Notice, Claim Form, and Summary Notice, as required by this Order not later than seven (7) calendar days prior to the Settlement Hearing.

9. **Nominee Procedures** – Within seven (7) calendar days of receipt of the Notice, nominee purchasers such as brokerage firms and other persons and entities that purchased or otherwise acquired WIMC common stock during the Settlement Class Period as record owners but not as beneficial owners are directed to either (a) request from the Claims Administrator sufficient copies of the Notice and Claim Form to forward to all beneficial owners by first-class postage prepaid mail within seven (7) calendar days of receipt of sufficient copies of the Notice and Claims Form, in which event the nominee purchasers are directed to send a statement to the Claims Administrator confirming that the mailing has been made as directed; or (b) provide the Claims Administrator a list of the names and addresses of all beneficial owners (or computer-generated mailing labels with the names and addresses of all beneficial owners), in which event the Claims Administrator shall forward copies of the Notice and the Claims Form to all beneficial owners by first-class postage prepaid mail. The Claims Administrator shall reimburse nominee purchasers from the Settlement Fund (defined in the Stipulation) for reasonable expenses actually incurred complying with this Order following submission to the Claims Administrator of documentation supporting the expenses for which reimbursement is sought.

Disputes concerning the reasonableness or documentation of expenses incurred are subject to review by the Court.

10. **Approval of Form and Content of Notice** – The Court (a) approves the form and content the Notice, Claim Form, and Summary Notice and (b) finds that providing notice of the Settlement in the manner and form set forth in Paragraphs 8-9 of this Order (i) constitutes the best notice practicable under the circumstances; (ii) is reasonably calculated, under the circumstances, to inform Settlement Class Members concerning the pendency of the Action, the Settlement, the terms and conditions of the Settlement, including the Judgement and the releases provided for in the Judgment, the Plan of Allocation, Lead Counsel's request for an award of Attorneys' Fees and Litigation Expenses, Settlement Class Members' right to exclude themselves from the Settlement Class, Settlement Class Members' right to object to the Settlement, including the Plan of Allocation, Lead Counsel's request for Attorneys' Fees and Litigation Expenses, and any other aspect of the Settlement, and Settlement Class Members' right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(4), and all other applicable law and rules.

11. **Participation in the Settlement and Submission of Claims Forms** – Settlement Class Members who wish to participate in the Settlement and receive a distribution from the Net Settlement Fund must complete and submit the Claim Form in accordance with the instructions contained on the Claim Form. Unless the Court orders otherwise, the Claim Form must be postmarked no later than one hundred forty (140) calendar days of the date of entry of this Order.

Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing Claim Forms postmarked later than that date if acceptance of such Claims Forms does not delay distribution of the Net Settlement Fund. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the Settlement and his, her, or its Claim and Claim Form.

12. A Claim Form must satisfy all of the following conditions: (a) it must be submitted in a timely manner in accordance with the provisions of Paragraph 11 of this Order; (b) it must be properly completed in all material respects, including (i) the name, address, telephone number, and email address of the claimant, or, in the case of an entity, the name, address, telephone number, and email address of a contact person for the entity, and (ii) for each purchase and sale of WIMC common stock during the Settlement Class Period, the date, price(s), and number(s) of shares purchased and/or sold; (c) it must be accompanied by adequate supporting documentation showing purchases and sales of WIMC common stock during the Settlement Class Period in the form of broker confirmation slips, broker account statements, a statement from a broker containing the transactional and holding information found in a broker confirmation slip or account statement, or other comparable documentation that is deemed adequate by Lead Counsel or the Claims Administrator; (d) it must, if the person signing the Claim Form is acting in a representative capacity, include a certification of the person's authority to sign the Claim Form in a representative capacity that is acceptable to Lead Counsel or the Claims Administrator; (e) it must contain no deletions or modifications of any of the printed matter on the Claim Form, and (f) it must be signed under penalty of perjury. A Claim Form shall not be effective unless it complies with all of these conditions.

13. Any member of the Settlement Class who does not timely submit a valid Claim (unless accepted for processing as set forth in paragraph 11 above) or whose Claim is not approved for any other reason shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund and shall be barred from participating in any distribution from the Net Settlement Fund, but shall in all respects be bound by the Settlement, including the Judgment and the releases provided for in the Judgment, and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in, individually, derivatively, as a class member or otherwise, any claims subject to the Settlement, the Judgment, and the releases provided for by the Judgment.

14. **Exclusion From the Settlement** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing by first-class postage prepaid mail received no later than twenty-one (21) calendar days prior to the Settlement Hearing or by delivering the request for exclusion in a manner providing for receipt no later than twenty-one (21) calendar days prior to the Settlement Hearing, in either case addressed to *WIMC Securities Litigation*, EXCLUSIONS, c/o A.B. Data, P.O. Box 173001, Milwaukee, WI 53217. By submitting a request for exclusion, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the Settlement and his, her, or its request for exclusion.

15. A request for exclusion must satisfy all of the following conditions: (a) it must be submitted in a timely manner in accordance with the provisions of Paragraph 14 of this Order; (b) it must state the name, address, telephone number, and email address of the person or entity requesting exclusion, and in the case of an entity, the name, address, telephone number, and email address of a contact person for the entity; (c) it must state that the person or entity requests

10

exclusion from the Settlement Class in *Elkin v. Walter Investment Management Corp.*, Case No. 2:17-CV-02025-JCJ; (d) it must state, for each purchase and sale of WIMC common stock during the Settlement Class Period, the date, price(s), and number(s) of shares purchased and/or sold by the person or entity requesting exclusion; (e) it must be accompanied by adequate supporting documentation showing purchases and sales of WIMC common stock during the Settlement Class Period in the form of broker confirmation slips, broker account statements, a statement from a broker containing the transactional and holding information found in a broker confirmation slip or account statement, or other comparable documentation that is deemed adequate by Lead Counsel or the Claims Administrator; (f) it must, if the person signing the request for exclusion is acting in a representative capacity, include a certification of the person's authority to sign the exclusion that is acceptable to Lead Counsel or the Claims Administrator; and (g) it must be signed under penalty of perjury. A request for exclusion shall not be effective unless it complies with all of these conditions.

16. Any person or entity who or which timely and validly requests exclusion from the Settlement Class in the manner stated in Paragraphs 14 and 15 shall not be a member of the Settlement Class, shall not be bound by the terms of the Settlement and the Judgment, including the releases provided for in the Judgment, and shall not receive any payment from the Net Settlement Fund.

17. Any member of the Settlement Class who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in Paragraphs 14 and 15 shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, shall forever be forever barred and enjoined from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be shall be bound by the Settlement, including the

Judgment and the releases provided for in the Judgment, and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in, individually, derivatively, as a class member or otherwise, any claims subject to the Settlement, the Judgment, and the releases provided for by the Judgment.

18. **Appearance and Objections at Settlement Hearing** – Any member of the Settlement Class who does not request exclusion from the Settlement Class may enter an appearance in the Action at his, her or its own expense, individually or through counsel of his, her, or its own choice, by filing a notice of appearance with the Clerk of the Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP<br>Attn: Leanne Heine Solish, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067 | Weil, Gotshal & Manges LLP<br>Attn: Joseph S. Allerhand, Esq.<br>Stephen A. Radin, Esq.<br>767 Fifth Avenue<br>New York, New York 10153<br><br>Dechert, LLP<br>Attn: David H. Kistenbroker, Esq.<br>Joni S. Jacobsen, Esq.<br>35 West Wacker Drive<br>Suite 3400<br>Chicago, IL 60601 |

Any member of the Settlement Class who does not enter an appearance will be represented by Lead Counsel.

19. Any member of the Settlement Class who does not request exclusion from the Settlement Class may file a written objection to the Settlement, the Plan of Allocation, Lead Counsel's request for an award of Attorneys' Fees and Litigation Expenses, and/or any other

aspect of the Settlement with the Clerk of the Court. Any such objection must also be mailed or delivered to both Lead Counsel and Defendants' Counsel at the addresses and in the manner and within the time period set forth in Paragraph 18 above. By filing an objection, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the Settlement and his, her, or its objection.

20. An objection must satisfy all of the following conditions: (a) it must be submitted in a timely manner in accordance with the provisions of Paragraph 19 of this Order; (b) it must state the name, address, telephone number and email address of the objector, or, in the case of an entity, the name, address, telephone number, and email address of a contact person for the entity; (c) it must state, for each purchase or sale of WIMC common stock during the Settlement Class Period, the date, price(s), and number(s) of shares purchased and/or sold; (d) it must be accompanied by adequate supporting documentation showing purchases and sales of WIMC common stock during the Settlement Class Period in the form of broker confirmation slips, broker account statements, a statement from a broker containing the transactional and holding information found in a broker confirmation slip or account statement, or other comparable documentation; (e) it must state the basis for the objection and include copies of any papers, briefs, or other documents the objector wishes to rely upon; (f) it must state whether the objector intends to appear at the Settlement Hearing, and, if so, the name(s) of any witness(es) the objector intends to call to testify and any exhibits the objector intends to introduce into evidence at the Settlement Hearing, and (g) it must be signed under penalty of perjury by the objector or an authorized representative of the objector. An objection shall not be effective unless it complies with all of these conditions. Lead Counsel and Defendants' Counsel may, as they

13

deem appropriate, submit papers replying to objections no later than five (5) calendar days prior to the Settlement Hearing.

21. Any member of the Settlement Class who or that does not comply with the requirements stated in Paragraphs 19 and 20 for objections to the Settlement waives and forfeits his, her or its right to object to the Settlement, the Plan of Allocation, Lead Counsel's request for an award of Attorneys' Fees and Litigation Expenses, and any other aspect of the Settlement and to appear at the Settlement Hearing, and shall forever be barred and enjoined from objecting to the Settlement, the Plan of Allocation, Lead Counsel's request for an award of Attorneys' Fees and Litigation Expenses, and/or any other aspect of the Settlement or from otherwise being heard concerning the Settlement, the Plan of Allocation, Lead Counsel's request for an award of Attorneys' Fees and Litigation Expenses, and/or any other aspect of the Settlement in this and any other proceeding and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in, individually, derivatively, as a class member or otherwise, any claims subject to the Settlement, the Judgment, and the releases provided for by the Judgment.

22. **Stay and Temporary Injunction** – The Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation and this Order and bars and enjoins Lead Plaintiff and all other members of the Settlement Class from commencing or prosecuting any and all of claims that are the subject of the Settlement, the Judgment, and the releases provided for by the Judgment.

23. **Settlement Administration Fees and Expenses** – Lead Counsel is authorized to pay Notice and Administrative Costs (defined in the Stipulation) provided for in the Stipulation and this Order without further order of the Court.

24. **Settlement Fund** – The contents of the Settlement Fund will be held by Huntington National Bank as Escrow Agent in accordance with the terms and conditions stated in the Stipulation and shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed pursuant to the terms and conditions of the Stipulation or further order of the Court.

25. **Taxes** – Lead Counsel is authorized to pay Taxes (as defined in the Stipulation) and perform all obligations with respect to Taxes in accordance with the terms and conditions of the Stipulation without further order of the Court.

26. **Responsibility for Administration** – Defendants' Releasees (defined in the Stipulation) shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund and the Net Settlement Fund; (iii) the Plan of Allocation for the Net Settlement Fund and its implementation, administration, and interpretation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund and the Net Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund and the Net Settlement Fund; or (vi) the payment or withholding of Taxes or other expenses incurred in connection with the administration of the Settlement Fund and the Net Settlement Fund.

27. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, if the Judgment is not entered or is entered but does not become Final (as defined in the Stipulation) or if the Effective Date fails to occur for any

reason, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, other members of the Settlement Class, and Defendants, and the Parties shall revert to their respective positions in the Action as of February 9, 2018 and the Settlement Fund shall be refunded to WIMC and to such other persons or entities that paid the Settlement Amount in the manner provided for in the Stipulation.

28. **Supporting Papers** – Lead Plaintiff and Defendants as appropriate may file and serve opening papers in support of final approval of the Settlement, the Plan of Allocation, and Lead Counsel's request for Attorneys' Fees and Litigation Expenses not later than thirty-five (35) calendar days before the Settlement Hearing. Reply papers, if any, shall be filed and served not later than five (5) calendar days before the Settlement Hearing.

29. **Retention of Jurisdiction** – The Court retains jurisdiction with respect to the proposed Settlement.

SO ORDERED this 31st day of July, 2018.

_____
The Honorable J. Curtis Joyner
United States District Judge

409157 1 WALTER