UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COURTNEY ELKIN, On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALTER INVESTMENT MANAGEMENT CORP., GEORGE M. AWAD, ANTHONY N. RENZI, and GARY L. TILLETT,<br><br>Defendants. | Class Action No. 2:17-cv-02025-JCJ |

## [PROPOSED] JUDGMENT AND ORDER
## APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a class action is pending in this Court entitled *Elkin v. Walter Investment Management Corp. et al.,* Case No. 2:17-cv-02025-JCJ (the "Action");

WHEREAS, (a) Lead Plaintiff Richard Worley ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below), and (b) defendants Walter Investment Management Corp., now known as Ditch Holding Corporation ("WIMC"), George M. Awad, Denmar J. Dixon, Anthony N. Renzi and Gary L. Tillett (collectively, together with WIMC, the "Defendants" and together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated July 13, 2018 (the "Stipulation") that provides for a complete dismissal with prejudice of the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, by Order entered August 2, 2018 (the "Preliminary Approval Order"), this Court, among other things, (a) preliminarily approved the Settlement; (b) preliminarily certified the Settlement Class (defined below) solely for purposes of the Settlement; (c) ordered that

notice of the Settlement be provided to members of the Settlement Class ("Settlement Class Members"); (d) provided Settlement Class Members the opportunity to exclude themselves from the Settlement Class or to object to the Settlement; and (e) scheduled a hearing, which was later rescheduled by a further Order dated August 27, 2018 and a further Notice dated December 4, 2018 (the "Settlement Hearing"), for the following purposes:

(a)     to determine, solely for purposes of the Settlement, whether (i) the Settlement Class should be finally certified, (ii) Lead Plaintiff should be finally certified as class representative for the Settlement Class, and (iii) Lead Counsel should be finally appointed as class counsel for the Settlement Class;

(b)     to determine whether the Settlement on the terms and conditions stated in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court;

(c)     to determine whether a Judgment in the form attached as Exhibit B to the Stipulation (the "Judgment"), including the releases provided for in the Judgment, should be entered;

(d)     to determine whether the Plan of Allocation (defined in the Stipulation) for the Net Settlement Fund (defined in the Stipulation) is fair and reasonable and should be approved by the Court;

(e)     to determine whether the request by Lead Counsel for an award of Attorneys' Fees and Litigation Expenses (defined in the Stipulation) should be approved by the Court; and

(f)     to consider any other matters as the Court deems appropriate.

WHEREAS, the Preliminary Approval Order ordered that the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice") and the claim form Settlement Class Members must complete and submit in order to seek payment from the Net Settlement Fund (the "Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be sent by first-class postage pre-paid mail, on or before twenty (20) business days after the date of entry of the Preliminary Approval Order to all Settlement Class Members who could be identified with reasonable effort, and that a Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over the *PR Newswire* on or before thirty (30) business days after the date of entry of the Preliminary Approval Order;

WHEREAS, the Notice and Summary Notice advised Settlement Class Members of the date, time, place, and purposes of the Settlement Hearing and that any objections to the Settlement were required to be filed with the Court no later than November 14, 2018;

WHEREAS, Lead Plaintiff and Lead Plaintiff's Counsel ("Lead Counsel") complied with the provisions of the Preliminary Approval Order with respect to the mailing and publication of the Notice, the Claim Form, and the Summary Notice;

WHEREAS, the Court conducted the Settlement Hearing on December 6, 2018;

WHEREAS, the Court having reviewed and considered the Stipulation, all arguments and written submissions regarding the Settlement, and the record in the Action, and good cause

appearing therefor;

WHEREAS, the Parties have consented to the entry of this Judgment; and

WHEREAS, unless otherwise defined herein, all terms with initial capitalization have the same meanings as they have in the Stipulation;

NOW THEREFORE, after due deliberation, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. **Jurisdiction** -- The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** -- This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July 13, 2018; and (b) the Notice and the Summary Notice, both of which were filed with the Court on July 13, 2018.

3. **Certification of the Settlement Class** - Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedures, the Court finally certifies, for purposes of the Settlement only, a Settlement Class consisting of all persons and entities who or which purchased WIMC common stock between August 9, 2016 through August 1, 2017, inclusive, and who were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are Defendants, officers and directors of WIMC during the period between August 9, 2016 and August 1, 2017, inclusive (the "Settlement Class Period"), members of their Immediate Families (defined in the Stipulation) and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a controlling interest during the Settlement Class Period. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 to this Judgment pursuant to their requests for exclusion.

4. **Class Findings** – Solely for purposes of the Settlement, the Court affirms its findings in the Preliminary Approval Order that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met.

5. **Adequacy of Representation** -- Solely for purposes of the Settlement, the Court affirms its findings and conclusions in the Preliminary Approval Order that Lead Plaintiff is an adequate class representative and certifying him as the class representative for the Settlement Class, and appointing Lead Counsel as counsel for the Settlement Class. The Court reaffirms its findings that Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23.

6. **Notice** -- The Court finds that the notice to the Settlement Class provided for in the Preliminary Approval Order: (a) was implemented in accordance with the Preliminary Approval Order, and (b) (i) constitutes the best notice practicable under the circumstances; (ii) was reasonably calculated, under the circumstances, to inform Settlement Class Members concerning the pendency of the Action, the Settlement, the terms and conditions of the Settlement, including the releases provided for in this Judgment, the Plan of Allocation, Lead Counsel's request for an award of Attorneys' Fees and Litigation Expenses, Settlement Class Members' right to exclude themselves from the Settlement Class, Settlement Class Members' right to object to the Settlement, including the Plan of Allocation, Lead Counsel's request for Attorneys' Fees and Litigation Expenses, and any other aspect of the Settlement, and Settlement Class Members' right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United

5

States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, and all other applicable law and rules.

7. **Final Settlement Approval and Dismissal of Claims** - In light of the benefits to the Settlement Class, the complexity, expense, and possible duration of further litigation against the Defendants, the risks of establishing liability and damages and the costs of continued litigation, the Court, pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, including, without limitation, the Settlement Amount, the releases provided for in the Settlement and in this Judgment, and the dismissal with prejudice of the claims asserted against Defendants and Defendants' Releasees (defined below), and finds that the Settlement is in all respects fair, reasonable, and adequate and in the best interests of the Settlement Class. The Court further finds the Settlement as set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiff, the Settlement Class, and Defendants, with the assistance of an experienced mediator. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions in the Stipulation.

8. The Action and all of the claims asserted against Defendants in the Action are hereby dismissed in their entirety with prejudice. The Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation.

9. **Binding Effect of Judgment** – The terms of the Settlement, as stated in the Stipulation, and of this Judgment, including the releases provided for in this Judgment, shall be forever binding on Defendants, Lead Plaintiff and all other Settlement Class Members whether

or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund, as well as their respective successors and assigns.

10. **Releases** — The releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in Paragraph 1 of the Stipulation, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

11. As used in this Judgment and the releases in Paragraphs 5 and 6 of the Stipulation and below, the following terms shall have the meanings set forth below.

(a) "Defendants' Releasees" means Defendants and every Defendant's present and former parents, subsidiaries, predecessors, successors, affiliates, divisions, directors, officers, employees, general partners, limited partners, managers, attorneys, accountants, auditors, bankers, advisors, agents, assigns, assignees, indemnifiers, insurers, reinsurers, heirs, estates, executors, trustees, administrators, or trusts, in their capacities as such.

(b) "Effective Date" means the first business day after all of the conditions specified in in ¶ 31 of the Stipulation have occurred or been waived.

(c) "Excluded Claims" means (i) claims asserted in the derivative action pending in the United States District Court for the Eastern District of Pennsylvania styled *Michael E. Vacek, Jr., et al. v. George M. Awad, et al.*, No. 2:17-cv-02820-JCJ, (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court, (iii) claims by Defendants or other Defendants' Releasees against his, her, its or their insurers, and (iv) claims relating to the enforcement of the Stipulation and the Settlement.

(d) "Released Claims" means Released Defendants' Claims and Released Plaintiff's Claims.

7

(e) "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include the Excluded Claims.

(f) "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Complaint; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of WIMC common stock during the Settlement Class Period, including the claims asserted in the actions styled *Bonomi v. Walter Investment Management Corporation, et al.*, Case No. 8:17-cv-00645, and *Petrovets v. Walter Investment Management Corporation, et al.*, Case No. 8:17-cv-00695, filed in the United States District Court for the Middle District of Florida on March 17, 2017 and March 24, 2017 and dismissed without prejudice on May 4, 2017 and May 9, 2017. Released Plaintiff's Claims do not include the Excluded Claims.

(g) "Releasee(s)" means Defendants' Releasees and Plaintiff's Releasees.

(h) "Plaintiff's Releasees" means Lead Plaintiff, Lead Counsel, all other plaintiffs in the Action, their respective attorneys, and all Settlement Class Members, and their respective present and former parents, subsidiaries, predecessors, successors, affiliates, divisions, directors, officers, employees, general partners, limited partners, managers, attorneys,

8

accountants, auditors, bankers, advisors, agents, assigns, assignees, indemnifiers, insurers, reinsurers, heirs, estates, executors, trustees, administrators, or trusts, in their capacities as such.

(i) "Unknown Claims" means any of the Released Claims which the Lead Plaintiff or any other Settlement Class Member or the Defendants or any of the Defendants does not know or suspect to exist in his, her or its favor at the time of the release of the Released Claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have, to the fullest extent permitted by law, waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge that Lead Plaintiff and Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which he or they now knows or believes to be true with respect to the subject matter of the Released Claims, but that Lead Plaintiff and Defendants intend to, and upon the Effective Date, by operation of the Judgment, Lead Plaintiff, on behalf of himself and the Settlement Class, and Defendants shall be deemed to have, and shall have, settled and released, fully, finally, and forever, the Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which have existed, now exist, or will exist, upon any theory of law or

equity, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and Settlement Class Members shall be deemed by operation of law to have acknowledged, that the inclusion of "Unknown Claim" in the paragraph of Released Plaintiff Claims and Released Defendant Claims was separately bargained for and was a material and essential element of the Stipulation and Settlement.

12. This Court orders that:

(a) Without further action by anyone, upon the Effective Date, Lead Plaintiff and Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, dismissed, resolved, relinquished, waived and discharged the Released Plaintiff's Claims against Defendants and Defendants' Releasees, and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in, individually, derivatively, as a class member or otherwise, the Released Plaintiff's Claims against Defendants' Releasees. This release shall not apply to the Excluded Claims, including without limitation the claims asserted in the derivative action pending in the Eastern District of Pennsylvania styled *Michael E. Vacek, Jr., et al. v. George M. Awad, et al.*, No. 2:17-cv-02820-JCJ.

(b) Without further action by anyone, upon the Effective Date, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of

law and of the Judgment shall have, fully, finally and forever compromised, settled, released, dismissed, resolved, relinquished, waived and discharged the Released Defendants' Claims against Lead Plaintiff and Plaintiff's Releasees, and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in, individually, derivatively, as a class member or otherwise, the Released Defendants' Claims against any of the Plaintiff's Releasees. This release shall not apply to the Excluded Claims.

(c) Notwithstanding paragraphs 13(a) and (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation, the Settlement, or this Judgment.

13. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. **Use of this Judgment** This Judgment, the Stipulation, and the Settlement, whether or not the Effective Date occurs, and any discussions, negotiations, arguments made during negotiations, acts performed, communications, drafts, or agreements relating to this Order, the Stipulation, the Settlement, and any matter in connection with such discussions, negotiations, arguments made during negotiations, acts performed, communications, drafts, documents, or agreements, shall not be offered or received against or to the prejudice of Lead Plaintiff, Defendants or any Releasee for any purpose other than in an action to enforce the terms of this Order, the Stipulation, and the Settlement, and in particular:

(a) Do not constitute, and shall not be described as, construed as, or otherwise offered or received against any Defendant or Defendants' Releasee as evidence of (or deemed to

11

be evidence of) any admission, concession, or presumption by Defendants or Defendants' Releasees with respect to (i) the truth of any allegation or claim in the Complaint or that could have been asserted in the Action or in any litigation or proceeding in any other forum; (ii) the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation or proceeding in any other forum; (iii) any liability, damages, negligence, fault, or other wrongdoing of any kind by Defendants or Defendants' Releasees; or (iv) referred to for any other reason against or to the prejudice of Defendants and Defendants' Releasees, in this or any other civil, criminal, or administrative action or proceeding.

(b) Do not constitute, and shall not be described as, construed as, or otherwise offered or received against Lead Plaintiff or Plaintiff's Releasees as evidence of (or be deemed evidence of) any admission, concession, or presumption by Lead Plaintiff or Plaintiff's Releasees of any infirmity in any claims in the Complaint or that could have been asserted in the Action or in any litigation or proceeding in any other forum or in any way referred to for any other reason against or to the prejudice of Lead Plaintiff and Plaintiff's Releasees in this or any other civil, criminal, or administrative action or proceeding.

(c) Do not constitute, and shall not be described as, construed as, or otherwise offered or received against Lead Plaintiff, Defendants, and Releasees as evidence of (or deemed to be evidence of) any admission, concession, or presumption that the Settlement Amount represents the amount that could be or would have been recovered after trial and appeals in the Action or that the amount that could be or would have been recovered after trial and appeals in the Action would or would not have exceeded the Settlement Amount.

15. **Retention of Jurisdiction** -- Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of

the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund and the Net Settlement Fund; (c) any award to Lead Counsel of Attorneys' Fees and Litigation Expenses; (d) the Plan of Allocation; (e) the Class Distribution Order (defined in the Stipulation); (f) Settlement Class Members for all matters relating to the Action and the Settlement; and (g) all other related matters.

16. **Plan of Allocation and Attorneys' Fees and Litigation Expenses** Separate orders shall be entered regarding the Plan of Allocation and Lead Counsel's request for Attorneys' Fees and Litigation Expenses. Those orders shall in no way disturb, affect or delay the finality of this Judgment or the Effective Date of the Settlement and shall be considered separate from this Judgment.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt amendments or modifications of the Settlement as stated in the Stipulation that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination of Settlement** – If the Settlement is terminated as provided for in the Stipulation or the Effective Date of the Settlement does not occur for any other reason, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as stated in the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of February 9, 2018 as provided for in the Stipulation.

19. **Entry of Final Judgment** There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final Judgment in this Action.

SO ORDERED this 17th day of December, 2018.

_____
The Honorable J. Curtis Joyner
United States District Judge